OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff was injured when he jumped off an eight-foot A-frame stepladder, which began to tip after he climbed four or five of its stairs to inspect a free-standing, illuminated Shell Oil sign at Rye Shell Auto Care, a Shell service station in Rye, New York. Plaintiff was employed as a maintenance mechanic by third-party defendant Island Pump and Tank Corp. (Island). Island had a contract with Shell Oil Company to effect maintenance and miscellaneous repairs to Shell’s facilities on Long Island and in Weschester County. On the date he was injured, plaintiff had been assigned to fix the sign. After he was injured, plaintiff again climbed the ladder, determined that the sign was not working because four lightbulbs needed to be replaced and thereafter replaced the bulbs.
 

 Plaintiff commenced this action against Shell and Rye Shell, as owner and contractor, relying solely on Labor Law § 240 (1). Defendants interposed an action for indemnification against Island as plaintiff’s employer. Rye Shell, joined by Shell and Island, subsequently moved for summary judgment dismissing the complaint. Plaintiff cross-moved for summary judgment in his favor on the issue of liability. Supreme Court granted defendants’ and Island’s motions for summary judgment, denied plaintiff’s cross motion, and dismissed the complaint, reasoning that the Shell sign was neither a building nor a structure within the meaning of Labor Law § 240. The Appellate Division affirmed on the ground that changing a lightbulb is not repairing as that term is used in Labor Law § 240 (1) (205 AD2d 681). This Court granted plaintiff leave to appeal.
 

 We agree with plaintiff that the Shell sign is a structure as that term is used in the statute. In
 
 Lewis-Moors v Contel of N. Y.
 
 (78 NY2d 942) we held that a telephone pole with attached hardware, cable and support systems constitutes a structure under Labor Law § 240 (1). Like a telephone pole, the free-standing Shell sign is a " 'production or piece of work
 
 *1002
 
 artificially built up or composed of parts joined together in some definite manner’ ”
 
 (id.,
 
 at 943, quoting
 
 Caddy v Interborough R. T. Co.,
 
 195 NY 415, 420), and is therefore a structure.
 

 Summary judgment was properly granted, however, because plaintiff was not engaged in any of the statute’s enumerated activities at the time of the accident. Changing a lightbulb is not "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure” (Labor Law § 240 [1]). An illuminated sign with a burnt-out lightbulb is not broken, and does not need repair. Rather it needs maintenance of a sort different from "painting, cleaning or pointing,” the only types of maintenance provided for in the statute.
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur.
 

 Order affirmed, with costs, in a memorandum.