■ JONATHAN E. BECKER et al., Appellants, v CLEARVIEW ACRES, LTD., Respondent and Third-Party Plaintiff. UTICA AL-

LOYS, INC., Third-Party Defendant-Respondent. [656 NYS2d 1001] —Order affirmed without costs. Memorandum: Jonathan E. Becker (plaintiff), an employee of third-party defendant, Utica Alloys, Inc., sustained injuries when he fell from the top of a degreaser machine located in a plant owned by defendant, Clearview Acres, Ltd. Supreme Court properly granted the cross motions of defendant and third-party defendant for partial summary judgment dismissing the Labor Law § 240 (1) cause of action. At the time of the accident, plaintiff was engaged in the removal of a spiral unit from inside the degreaser machine so that leaks that had developed in the steam coil could be welded. Consequently, Labor Law § 240 (1) does not apply here because plaintiff was engaged in routine maintenance in a non-construction, non-renovation context (*see, Smith v Shell Oil Co.,* 85 NY2d 1000, 1002; *Rennoldson v Volpe Realty Corp.,* 216 AD2d 912, *lv dismissed* 86 NY2d 837).

All concur except Fallon, J., who dissents and votes to reverse in the following Memorandum.

Fallon, J. (dissenting). I respectfully dissent. In my view, defendant and third-party defendant failed to submit evidence sufficient to demonstrate as a matter of law that the activity in which Jonathan E. Becker (plaintiff) was engaged was "routine maintenance in a non-construction, non renovation context" and not repair of a building or structure within the meaning of Labor Law § 240 (1) (*Rennoldson v Volpe Realty Corp.,* 216 AD2d 912, *lv dismissed* 86 NY2d 837). This case is unlike those cited by the majority, which involved changing a burnt-out lightbulb in an illuminated sign (*Smith v Shell Oil Co.,* 85 NY2d 1000, 1002) and replacing a leaking tube on a car wash machine (*Rennoldson v Volpe Realty Corp., supra*). It is undisputed that this case involves the repair of a degreaser machine located on the factory floor. The degreaser is 10 to 12 feet high and is attached at the top to a water pipe; the pipe is suspended approximately one foot below the ceiling and runs from an outside water tank. Plaintiff was assisting with the removal of the water pipe and the spiral unit, a component part located inside the degreaser machine that is shaped like a 55-gallon drum. With the assistance of a forklift, the spiral unit was to be lowered to the factory floor so that steam coils in the unit could be welded. Plaintiff was standing on top of the degreaser machine when he was struck by the spiral unit and fell headfirst to the factory floor.

Plaintiffs submitted the affidavit of a machine operator indicating that, for a period of $1^1/2$ years prior to the accident, the spiral unit had not once been removed from the degreaser

to repair steam leaks. Another employee, whose duty it was to "facilitate repairs" and who was working with plaintiff at the time of the accident, testified at a deposition that the machine had been repaired 20 times in 20 years. No maintenance record for the machine was kept. Thus, I conclude that, at the very least, there is a question of fact whether plaintiff was employed in routine maintenance rather than the repair of a structure when he fell, and thus, that Supreme Court erred in granting the cross motions of defendant and third-party defendant for partial summary judgment dismissing the Labor Law § 240 (1) cause of action. (Appeal from Order of Supreme Court, Oneida County, Shaheen, J.—Summary Judgment.) Present— Pine, J. P., Lawton, Doerr, Boehm and Fallon, JJ.