■ Vernon D. Leubner, Respondent, v Daniel F. McNeil et al., Appellants. [689 NYS2d 783] —Mercure, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered September 29, 1998 in Tompkins County, which, *inter alia*, granted plaintiff's cross motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action.

Plaintiff was employed as a maintenance worker for the Special Children's Center which operates several facilities, including one in a building leased from defendants. On the day he was injured, plaintiff was directed to proceed to the foyer in the building, take down the ceiling tile and attach furring strips to hold the insulation up. He had previously performed similar work in a classroom to correct a sagging ceiling and cold drafts caused by insulation coming loose from the joists. Although the ceiling in the foyer was not sagging, there had been complaints of cold drafts and plaintiff's supervisor was apparently concerned that the insulation had come loose as it had in the classroom. Using a stepladder, plaintiff removed one ceiling tile to inspect the insulation and then moved the ladder to another location to remove a second tile. When he removed the second tile, the hung ceiling and a light fixture fell, knocking him off the ladder and causing him to fall to the floor.

On this appeal from Supreme Court's award of summary judgment to plaintiff on his Labor Law § 240 (1) cause of action, defendants argue that plaintiff was not performing work covered by the statute. In determining the issue, the court must focus on the "type of work the plaintiff was performing at the time of injury" (*Joblon v Solow*, 91 NY2d 457, 465). Although routine maintenance work is not covered by the statute (*see, Smith v Shell Oil Co.*, 85 NY2d 1000), we conclude that plaintiff's work in attempting to correct a drafty condition created by improperly or inadequately installed ceiling insulation

was not routine maintenance (*see, e.g., Shapiro v ACG Equity Assocs.*, 233 AD2d 857). There is nothing in the record to indicate that properly installed ceiling insulation would ever need maintenance, and it is apparent that the insulation was not performing its intended function without the repair, which involved removal of ceiling tiles and installation of furring strips. Defendants' characterization of plaintiff's work as inspection of the insulation does not alter the type of work that he was performing. Plaintiff was not employed to provide an estimate for subsequent repairs (*see, Gibson v Worthington Div.*, 78 NY2d 1108) or to ascertain the need for repairs to be done by another (*see, Chapman v IBM Corp.*, 233 AD2d 585). Plaintiff was instructed to make repairs to the insulation to correct the drafty condition and, at the time of his injury, he was ascertaining the scope of the repair work required by his assignment (*see, Seguin v Massena Aluminum Recovery Co.*, 229 AD2d 839). In the absence of any merit to the arguments raised by defendants, Supreme Court's order must be affirmed.

Mikoll, J. P., Peters, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.