■ DENNIS GOAD et al., Appellants-Respondents, v SOUTHERN ELECTRIC INTERNATIONAL, INC., et al., Respondents-Appellants. [693 NYS2d 301] —Cardona, P. J. Cross appeals from an order of the Supreme Court (Connor, J.), entered June 12, 1998 in Greene County, which, *inter alia*, denied plaintiffs' motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

This action arises out of an accident which occurred while plaintiff Dennis Goad (hereinafter plaintiff) was working as a pipefitter and welder for his employer, Pyropower Energy Services Company (hereinafter Pyropower), at a steam cogeneration facility operated by defendant Southern Electric International, Inc. (hereinafter SEI) in the City of Niagara Falls, Niagara County. In connection with its annual shutdown of the facility for the maintenance and modification of certain equipment, SEI contracted with Pyropower to install a new main steam safety valve. In replacing the valve, plaintiff was required to work from a catwalk located approximately 100 feet above the ground as well as on a platform located approximately four feet above the catwalk. The platform had a railing around it that was 3 to 4 feet high. Plaintiff stepped onto the railing approximately 42 inches above the platform floor in an attempt to hang a chainfall to be used to set the new valve in place. The railing collapsed causing plaintiff to

fall from the platform to the catwalk and sustain serious injuries.

Thereafter, plaintiff and his wife commenced this action against SEI and the purported owners of the facility, United Development Group-Niagara, Inc. and United Development Group-Niagara L.P. alleging, *inter alia*, violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue, plaintiffs moved for partial summary judgment on their Labor Law § 240 (1) claim and defendants cross-moved for partial summary judgment dismissing this claim. Supreme Court denied the motions resulting in these cross appeals.

Defendants contend that plaintiffs' Labor Law § 240 (1) claim must be dismissed because the work that plaintiff was performing at the time of the accident was preventive maintenance not encompassed by the statute. Labor Law § 240 (1) states that the type of work to which it applies includes "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure". Activities in the nature of routine maintenance, such as changing a light bulb, which are performed in a nonconstruction, nonrenovation context have been held not to fall within the ambit of the statute (*see, Smith v Shell Oil Co.*, 85 NY2d 1000, 1002; *Koch v E.C.H. Holding Corp.*, 248 AD2d 510, 511, *lv denied* 92 NY2d 811; *Boyd v Bethlehem Steel Corp.*, 244 AD2d 983, 983-984, *lv denied* 92 NY2d 885; *Cosentino v Long Is. R. R.*, 201 AD2d 528, 529). Moreover, in order for work to constitute a "repair" under Labor Law § 240 (1), there must be proof that the machine or object being worked upon was inoperable or not functioning properly (*see, Crossett v Schofell*, 256 AD2d 881; *Cox v International Paper Co.*, 234 AD2d 757, 758). An alteration, on the other hand, "requires making a *significant* physical change to the configuration or composition of the building or structure" (*Joblon v Solow*, 91 NY2d 457, 465 [emphasis in original]; *see, Cox v International Paper Co., supra*, at 759).

In the case at hand, the replacement of the main steam safety valve was one of many services Pyropower was retained to perform at SEI's facility in April 1993. Melanie McCoy, SEI's plant manager, testified that the work was to be completed during SEI's annual shutdown of the facility during which normal periodic maintenance of various equipment was performed as well as modifications to certain components of the plant. According to McCoy, replacement of the main steam safety valve was undertaken as part of the "routine maintenance" of the facility because, as part of its normal operation, it would develop leaks. Notably, no evidence was ad-

duced that the valve was leaking or not operating properly at the time plaintiff attempted to replace it. Furthermore, it appears that replacement of the valve did not entail any physical change to the structure where it was located.

Under these circumstances, we cannot say that replacement of the valve constituted a repair or alteration within the meaning of Labor Law § 240 (1). While there was evidence that the valve was large (approximately two feet high with a six-inch inlet and eight-inch outlet) and necessitated the use of rigging to lift it into place, we can discern no case law under which such factors bring this case within the narrow confines of Labor Law § 240 (1). Accordingly, defendants' cross motion for partial summary judgment dismissing plaintiffs' Labor Law § 240 (1) cause of action should be granted (see, e.g., Becker v Clearview Acres, 237 AD2d 926). In view of our disposition, we need not address the parties' remaining contentions.

Mikoll, Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' cross motion for partial summary judgment dismissing the Labor Law § 240 (1) cause of action against them; cross motion granted to that extent and partial summary judgment awarded to defendants dismissing said cause of action; and, as so modified, affirmed.