■ LEWIS C. ROBERTSON, JR., Respondent-Appellant, v LITTLE RAPIDS CORPORATION et al., Appellants-Respondents. [715 NYS2d 482] —Crew III, J. Cross appeals from an order of the Supreme Court (Demarest, J.), entered June 25, 1999 in St. Lawrence County, which, *inter alia*, denied plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) and denied defendants' cross motions for summary judgment dismissing the complaint.

Defendant Little Rapids Corporation and defendant Potsdam Paper Corporation (hereinafter collectively referred to as LRC) contracted with defendant Laframboise Group, Ltd. to replace an 8,500-pound top press roll on a paper press machine located at their paper factory. Laframboise, in turn, subcontracted with MRL Contractors of New York, Ltd. to replace the top press roll. Plaintiff, an employee of MRL, was standing on a platform ladder attempting to install the new roll when the

wrench he was using slipped, and he fell to the floor sustaining serious injuries.

Plaintiff commenced the instant action against LRC and Laframboise asserting causes of action based upon common-law negligence, as well as violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue and discovery, plaintiff moved for partial summary judgment on the issue of liability under Labor Law § 240 (1) and Laframboise cross-moved for summary judgment dismissing the complaint against it or, in the alternative, for a conditional order of common-law indemnification against LRC. LRC joined in Laframboise's motion to dismiss the complaint but made no independent cross motion of its own. Supreme Court denied the motions and these appeals ensued.

Initially, defendants contend that Supreme Court erred in denying their cross motions for summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action. We agree. The issue here distills to whether the replacement of the top press roll on the paper press machine constituted a "repair" or "routine maintenance," the former coming within the ambit of the statute while the latter does not (*see, Goad v Southern Elec. Intl.*, 263 AD2d 654, 655). While the case at bar deals with the replacement of an enormous piece of equipment and, thus, entails a process that arguably is fraught with danger, that factor alone does not bring this case within the narrow confines of the statute (*see, id.*, at 656). Plaintiff further urges that the work being performed on the paper machine constituted a repair because the machine was malfunctioning in that it failed to produce a marketable paper product. While that may be so, the subject machine was neither inoperable nor malfunctioning in the legal sense required to bring the case within the ambit of the Labor Law. While the machine was not producing a marketable product, that had to do with the failure of LRC to timely replace the top press roll. The record makes plain that such component had a finite life and had to be replaced at least three times per year; when, as here, the roll was not replaced in a timely fashion, it would become out-of-round and produce an uneven and defective paper product. Accordingly, it is evident that the contemplated replacement of a component with a limited useful life can constitute nothing more than routine maintenance.

While the structure dealt with here, in a spatial sense, is far different than the sign at issue in *Smith v Shell Oil Co.* (85 NY2d 1000), analogy to that case is apt. In *Smith*, a large illuminated Shell sign was not "working" because a number of

light bulbs had burned out and needed to be replaced. In that sense it could be said, as plaintiff urges with respect to the paper press machine, that the sign was malfunctioning. Nevertheless, the Court of Appeals had no difficulty in determining that the sign in *Smith* was neither inoperable nor malfunctioning for the purpose of Labor Law § 240 (1), holding that changing the light bulbs did not constitute the repair of that structure (*see, id.,* at 1002). So too, the changing of the top press roll here did not constitute a repair of the paper press machine, and Supreme Court erred in denying the motion to dismiss the cause of action grounded upon Labor Law § 240 (1).

We come to a different conclusion with regard to Supreme Court's denial of the motion to dismiss plaintiff's Labor Law § 241 (6) cause of action. It is axiomatic that to prevail upon such a cause of action, plaintiff must demonstrate that defendants failed to comply with "specific safety rules and regulations promulgated by the Commissioner of the Department of Labor" (*Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494, 501-502). In our view, the regulation relating to mobile scaffolds (12 NYCRR 23-5.18) is sufficiently specific to support plaintiff's Labor Law § 241 (6) claim. Indeed, defendants concede sufficient specificity, but contend that the regulation is inapplicable inasmuch as the ladder from which plaintiff fell had no wheels and, thus, was not a mobile platform or scaffold as referred to in the regulation. However, the record makes plain that the platform here had been modified by removing its casters and that it was, in fact, originally designed, manufactured and used as a mobile scaffold. In our view, a question of fact exists as to whether removal of the casters rendered the scaffold unstable and defective.

We likewise find that Supreme Court did not err in denying the motion to dismiss plaintiff's common-law negligence and Labor Law § 200 causes of action. With regard to LRC's assertion that such denial was error, we note only that LRC did not seek such relief in Supreme Court and, by its notice of appeal, limited its exception to Supreme Court's denial of the motion with respect to the Labor Law § 240 (1) cause of action. Accordingly, LRC's argument in this regard is not preserved for our review (*see, Amato v State of New York,* 241 AD2d 400, 402, *lv denied* 91 NY2d 805) and, under the circumstances, we do not choose to exercise our discretion to search the record. With regard to Laframboise, we agree with Supreme Court that there exist questions of fact regarding the ability and/or duty to direct, control or supervise plaintiff's work, the existence of

which precludes summary judgment. Finally, we find no error in Supreme Court's denial of Laframboise's motion for a conditional order of indemnification.

Cardona, P. J., Carpinello and Graffeo, JJ., concur.

Mugglin, J. (dissenting). I respectfully dissent from that portion of the majority opinion which grants defendants' cross motions to dismiss plaintiff's Labor Law § 240 (1) claim on the basis that plaintiff was involved in routine maintenance, rather than repair of this structure.

To distinguish between maintenance and repair we have previously held that to "constitute a 'repair' under Labor Law § 240 (1), there must be proof that the machine or object being worked upon was inoperable or not functioning properly" (*Goad v Southern Elec. Intl.*, 263 AD2d 654, 655; *see, Crossett v Schofell*, 256 AD2d 881; *Cox v International Paper Co.*, 234 AD2d 757, 758).

Here, the majority concedes that the record demonstrates that when the top roller rubber surface becomes out-of-round, the machine will not produce a marketable product. In my view, since the sole purpose of this machine is to produce a marketable paper product, which it cannot do with an uneven top roller, it is beyond question that the machine is malfunctioning. The majority, relying on *Goad v Southern Elec. Intl.* (*supra*) and *Smith v Shell Oil Co.* (85 NY2d 1000), and apparently persuaded by the fact that the rubber surface of the roller has a short useful life and that it can be anticipated that it must be replaced about three times annually, hold that the process is therefore maintenance and not repair.

First, I cannot agree that analogy to *Smith v Shell Oil Co.* (*supra*) is apt. The presence of four burned-out bulbs in a large illuminated Shell sign neither renders the sign inoperable nor, although it may be somewhat dimmer, does it cause the sign to malfunction. Moreover, the Court of Appeals' decision contains no language which addresses whether the sign was inoperable or had malfunctioned, having held that "[a]n illuminated sign with a burnt-out lightbulb is not broken, and does not need repair. Rather it needs maintenance" (*id.*, at 1002).

Second, and more pertinent to the point, the majority holding ignores the essential line of demarcation between repair and maintenance demonstrated by this Court's holding in *Goad v Southern Elec. Intl.* (*supra*). There, because it was anticipated that the main steam safety valve would leak, it was replaced each year during the plant shutdown, *whether or not it was actually leaking, i.e., malfunctioning*. Accordingly, we held that activity to be routine maintenance. Here, in contrast, the rec-

ord discloses that because of customer demand, the top press roller is never replaced until it has malfunctioned.

The unfortunate result, in my view, is that the majority has further obscured an imprecise issue by promulgating the "routine repair rule" pursuant to which, even if the activity is to repair a malfunction in a structure, if it occurs with some predictable regularity it will be deemed to be routine maintenance. Henceforth, I predict that rather than determining, with some precision, whether a particular activity occurred prior or subsequent to a malfunction, and therefore on which side of the line of demarcation between repair and maintenance it falls, we will be trying to determine whether a particular activity is routine. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the cross motion for summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action; motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed.