■ JOHN R. OLSON, Respondent-Appellant, v PYRAMID CROSSGATES COMPANY et al., Appellants-Respondents. [738 NYS2d 430] —Mugglin, J. Cross appeals from an order of the Supreme Court (Ferradino, J.), entered June 21, 2001 in Albany County, which, inter alia, granted plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1).

Plaintiff, a mechanic for Pyramid Management Group, Inc., was injured on premises of defendant Pyramid Crossgates Company while installing temporary lighting in a vacant store space. To perform the work, plaintiff had been furnished with a 14-foot stepladder which he had positioned 12 inches to 20 inches from a plywood platform. Plaintiff described this platform as approximately 3 feet by 4 feet, secured to and suspended from the ceiling by bolts and braces, and which had formerly been used to support air conditioning duct work. Plaintiff further stated that the level of the plywood was approximately the same as the second step from the top of the ladder where he was standing to perform the work. At one

point, plaintiff placed his left foot on the plywood platform to aid him in stringing the wire and the platform collapsed causing him to fall and be injured. After joinder of issue, plaintiff moved for partial summary judgment on the issue of liability under Labor Law § 240 (1) and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court granted plaintiff's motion for partial summary judgment and partially granted defendants' cross motion to the extent of dismissing plaintiff's causes of action under Labor Law §§ 200 and 241 (6). Both parties appeal.

Supreme Court's grant of partial summary judgment to plaintiff was premised on the court's conclusion that the plywood platform constituted a "makeshift scaffold" and that plaintiff's proof that it collapsed causing his fall established a prima facie case for summary judgment under Labor Law § 240 (1). We have previously held that where a safety device has been furnished, the question of whether it provided proper protection is ordinarily an issue of fact (*see, Blair v Rosen-Michaels, Inc.*, 146 AD2d 863, 865), but where the safety device collapses, a prima facie case is established by the plaintiff (*see, Drew v Correct Mfg. Corp. Hughes-Keenan Div.*, 149 AD2d 893, 894). Here, however, Supreme Court's analysis is flawed because the undisputed evidence is that the platform was furnished to support duct work, not as a safety device for the performance of plaintiff's work (*see, Gile v General Elec. Co.*, 272 AD2d 833, 834). As a consequence, the collapse of this platform does not, standing alone, demonstrate a violation of Labor Law § 240 (1).

In opposition to defendants' cross motion for summary judgment, plaintiff conceded that the Labor Law § 240 (1) claim was totally unrelated to the ladder which was furnished to plaintiff, and was dependent on what plaintiff has characterized as a second elevation-related risk entailing the use of the plywood platform. This concession eliminates what would normally be an issue of fact concerning whether the ladder provided proper protection for the performance of the work (*see, e.g., Beesimer v Albany Ave. / Rte. 9 Realty*, 216 AD2d 853, 854). Under these circumstances, both in support of his motion for summary judgment and in opposition to defendants' cross motion for summary judgment, plaintiff was required to lay bare his proof that there was a need to use the platform to perform the work (*see, Felker v Corning, Inc.*, 90 NY2d 219, 224). Plaintiff neither pleaded nor proved, by his own affidavit or his deposition testimony or the affidavit of his expert, that it was necessary to step on the plywood platform to complete his

assignment. Absent such need, no second elevation-related risk is present. To the contrary, the record reflects that while standing on the ladder, the conduit to which he was attempting to attach a wire was no more than one foot above his head, easily within his reach. He has made no showing that the plywood obstructed his work or that he was prevented from moving his ladder. As the platform was not furnished as a safety device for the performance of the work and since plaintiff has demonstrated no necessity to use it for that function, defendants were entitled to have the Labor Law § 240 (1) claim dismissed.

We next address plaintiff's appeal from the dismissal of his Labor Law §§ 200 and 241 (6) causes of action. We note initially that plaintiff has failed to address the dismissal of his Labor Law § 200 cause of action in his brief and has thereby abandoned this issue (*see, Transamerica Commercial Fin. Corp. v Matthews of Scotia*, 178 AD2d 691, 692 n 1). To successfully prosecute a cause of action under Labor Law § 241 (6), plaintiff is required to plead and prove the violation of specific regulations promulgated by the Commissioner of Labor (*see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502; *Brogan v International Bus. Mach. Corp.*, 157 AD2d 76, 80). While not contained in the pleadings, plaintiff's counsel, in opposition to defendants' cross motion for summary judgment, specified particular sections of the Industrial Code alleged to be violated and supported these claims by the affidavit of an expert architect. Thus, the issue was appropriately raised before Supreme Court and preserved for appellate review (*see, Nichols v Deer Run Invs.*, 204 AD2d 929, 932). Plaintiff alleges violations of 12 NYCRR 23-1.22 (c) and 23-5.1 (c) (2) and (j), all of which pertain to the specifications for working platforms and scaffolds. Whether the structure is a scaffold or a platform, one of its purposes must be to facilitate the work to be done by supporting the workers and their materials (*see, Rocha v State of New York*, 45 AD2d 633, 635, *lv denied* 36 NY2d 642). Neither plaintiff nor his expert contends that this plywood structure was designed and intended to support workers and their materials, leading us to conclude that plaintiff has wholly failed to establish a cause of action under Labor Law § 241 (6).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted plaintiff's motion and as partially denied defendants' cross motion; motion denied, cross motion granted as to the Labor Law § 240 (1) cause of action and summary judgment granted to defendants dismissing said cause of action; and, as so modified, affirmed.