■ DENNIS GOAD et al., Appellants-Respondents, v SOUTHERN ELECTRIC INTERNATIONAL, INC., et al., Respondents-Appellants. [758 NYS2d 184] —Cardona, P.J. Cross appeals from an order of the Supreme Court (Connor, J.), entered June 27, 2002 in Greene County, which partially granted defendants' motion for summary judgment dismissing the complaint.

Plaintiff Dennis Goad (hereinafter plaintiff), working as a pipefitter and welder at a steam cogeneration facility operated by defendant Southern Electric International, Inc. (hereinafter SEI) in the City of Niagara Falls, Niagara County, sustained injuries in a fall when the tubular steel hand railing on which he was standing collapsed during the installation of a new main steam safety valve. The replacement of the safety valve was one of the services plaintiff's employer, Pyropower Energy Services Company, was retained to perform at SEI's facility.

Plaintiff and his wife, derivatively, commenced this action against SEI and the owners of the facility, alleging, inter alia, violations of Labor Law §§ 200, 240 (1) and § 241 (6). In an earlier appeal (263 AD2d 654 [1999]), this Court reversed Supreme Court's denial of defendants' cross motion for partial summary judgment and dismissed plaintiffs' Labor Law § 240 (1) claim. Following this Court's decision, the parties completed discovery and defendants moved for summary judgment dismissing plaintiffs' remaining claims. Supreme Court

partially granted the relief by dismissing plaintiffs' Labor Law § 241 (6) cause of action finding that statute inapplicable to plaintiff's performance of routine maintenance. Plaintiffs appeal from that determination and defendants cross-appeal from the denial of their motion dismissing plaintiffs' remaining Labor Law § 200 and common-law negligence claims.

Labor Law § 241 (6) affords protection to workers engaged in duties "connected to construction, demolition or excavation of a building or structure" (*Nagel v D & R Realty Corp.*, 99 NY2d 98, 102 [2002]). Even assuming defendants' cogeneration facility is a "structure" (*see Smith v Shell Oil Co.*, 85 NY2d 1000, 1001-1002 [1995]; *Lewis-Moors v Contel of N.Y.*, 78 NY2d 942, 943 [1991]), in our view, the replacement of the main steam valve constituted maintenance work which was not connected to construction, excavation or demolition and, therefore, not within the coverage provided by the statute (*see Nagel v D & R Realty Corp., supra*). To the extent that this Court's prior decision in *Robertson v Little Rapids Corp.* (277 AD2d 560 [2000]) is contrary to *Nagel v D & R Realty Corp. (supra)*, it should not be followed. Accordingly, Supreme Court properly dismissed plaintiffs' Labor Law § 241 (6) cause of action.

Turning to the cross appeal, defendants contend that Supreme Court improperly denied their motion with respect to plaintiffs' Labor Law § 200 and common-law negligence claims. Labor Law § 200 "is a codification of the common-law duty of a landowner to provide workers with a reasonably safe place to work" (*Lombardi v Stout*, 80 NY2d 290, 294 [1992]; *see Allen v Cloutier Constr. Corp.*, 44 NY2d 290, 299 [1978]). "Where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200" (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993] [citation omitted]). Here, however, plaintiffs submitted evidence indicating that prior to this accident, defendants cut and improperly welded back into place the precise section of railing which collapsed; that it was this defect or dangerous condition and not plaintiff's employer's methods or manner of work which proximately caused his fall. Furthermore, we note that photographs in the record depict the difficulty in reaching the area above the main steam safety valve to affix rigging to facilitate its replacement. Thus, in our view, under all the circumstances herein, an issue of fact is presented as to whether defendants should have reasonably foreseen that a worker in plaintiff's position would have attempted to elevate himself by

standing on the railing to accomplish that task. We cannot say, as a matter of law, that plaintiff's injury was an unforeseeable consequence of the dangerous condition created by defendants' alleged negligence. Because plaintiffs raised triable issues of fact, Supreme Court did not err in denying defendants' motion for dismissal of their Labor Law § 200 and common-law negligence causes of action.

We have considered plaintiffs' remaining arguments and find them lacking in merit.

Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, without costs.