■ CHRISTOPHER A. KERR et al., Respondents, v LOUISVILLE HOUSING, INC., Defendant and Third-Party Plaintiff-Appellant. UNITED HELPERS MANAGEMENT COMPANY, INC., Third-Party Defendant-Appellant-Respondent. [769 NYS2d 616]—

Carpinello, J. Appeals (1) from an order of the Supreme Court (Demarest, J.), entered September 18, 2002 in St. Lawrence County, which, inter alia, granted plaintiffs' cross motion for partial summary judgment, and (2) from an order of said court, entered November 21, 2002 in St. Lawrence County, which, upon reargument, granted third-party defendant's motion for summary judgment dismissing the third-party complaint.

This personal injury action involves a fall from the roof of an apartment complex owned by defendant and managed by third-party defendant, United Helpers Management Company, Inc. (hereinafter UHMC). After a severe snow and ice storm, UHMC hired plaintiff Christopher A. Kerr (hereinafter plaintiff) to remove snow and ice from this roof. During the course of the job, plaintiff discovered that warm air could not escape from the building because roof ventilators had been improperly installed, a condition which contributed to the ice build-up. Plaintiff informed UHMC's agent of the problem, who agreed to have plaintiff correct it by removing screws in the ventilators to allow them to operate properly. After removing one ventilator screw and proceeding toward the next ventilator, plaintiff slipped and fell off the roof, sustaining serious injuries.

Plaintiff and his wife, derivatively, commenced this action against defendant raising claims under Labor Law §§ 200, 240 (1) and § 241 (6) and common-law negligence. Defendant filed a third-party complaint against UHMC seeking contribution and indemnification. In addition to seeking summary judgment dismissing the complaint, relief in which defendant later joined, UHMC moved for summary judgment dismissing the third-party complaint as barred by the principles of antisubrogation claim-

ing that it was an insured under defendant's policy. Plaintiffs then moved for partial summary judgment on liability under Labor Law § 240 (1).

Supreme Court, among other things, granted plaintiffs summary judgment on the issue of liability under Labor Law § 240 (1). The court also searched the record and granted defendant summary judgment on its common-law indemnification claim against UHMC and denied UHMC's motion seeking dismissal of the third-party complaint. Defendant and UHMC appeal the order. However, the court subsequently granted UHMC's motion for reargument and, reversing itself, granted UHMC's motion to dismiss defendant's third-party complaint as barred by antisubrogation principles to the extent that any verdict does not exceed the limits of defendant's policy. Defendant appeals this order.

We address first defendant's and UHMC's contentions on appeal that plaintiffs were not entitled to summary judgment on the issue of Labor Law § 240 (1) liability. We disagree. Resolution of the parties' dispute as to whether plaintiff was engaged in one of the enumerated activities covered by this statute requires that we focus on the type of work that plaintiff was performing when he was injured (see *Joblon v Solow*, 91 NY2d 457, 465 [1998]). It is uncontroverted that plaintiff's fall from this elevated work surface occurred while he was engaged in removing screws on inoperable ventilators located on the roof surface, an activity which constitutes "repairing" a part of a building or structure within the protection of the statute and not routine maintenance excluded from its coverage (see *Smith v Shell Oil Co.*, 85 NY2d 1000, 1002 [1995]; *Izrailev v Ficarra Furniture of Long Is.*, 70 NY2d 813, 815 [1987]; *Caraciolo v 800 Second Ave. Condominium*, 294 AD2d 200, 201-202 [2002]; *Leubner v McNeil*, 261 AD2d 777 [1999], *lv dismissed* 93 NY2d 1041 [1999]; *Craft v Clark Trading Corp.*, 257 AD2d 886, 887 [1999]; *cf. Russ v State of New York*, 267 AD2d 833, 834 [1999]; *Goad v Southern Elec. Intl.*, 263 AD2d 654, 655 [1999]; *La Fontaine v Albany Mgt.*, 257 AD2d 319, 322 [1999], *lv denied* 94 NY2d 751 [1999]). In addition, plaintiff's adjustment of the ventilators so that they could function properly was sufficiently necessary and incidental to his primary task of removing built-up snow and ice from the roof top, previously recognized as a protected "form of 'cleaning,' " also within the ambit of Labor Law § 240 (1) (*Vernum v Zilka*, 241 AD2d 885, 885-886 [1997]; *see Nephew v Barcomb*, 260 AD2d 821, 823 [1999]). However, UHMC's motion for summary judgment dismissing plaintiff's Labor Law § 241 (6) claim should have been granted,

as plaintiffs never alleged a violation of *any* regulation promulgated under this statute (*see Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-505 [1993]; *Jordan v Blue Circle Atl.*, 306 AD2d 741, 743 [2003]; *Olson v Pyramid Crossgates Co.*, 291 AD2d 706, 708 [2002]; *see also Rizzuto v Wenger Contr. Co.*, 91 NY2d 343, 349-351 [1998]).

Next, we find no merit to defendant's claim that its third-party complaint against UHMC was erroneously dismissed under antisubrogation principles (*see North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294-295 [1993]). At the time of the loss, UHMC was acting as defendant's real estate manager and, as such, was an "insured" under the terms of defendant's policy with New York Casualty Insurance Company. Thus, Casualty's right to stand in the shoes of defendant and pursue a third-party complaint against UHMC, also its insured, is precluded by the rule which provides that "[a]n insurer has no right of subrogation *against its own insured* for a claim arising from the very risk for which the insured was covered" (*Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 468 [1986] [emphasis added]). The fact that UHMC may have contractually agreed to indemnify defendant or "procured separate insurance covering the same risk" (*id.* at 468) does not alter this conclusion (*see North Star Reins. Corp. v Continental Ins. Co., supra* at 294-295). Also, that UHMC was not expressly named as an insured in defendant's policy with Casualty is immaterial for purposes of the antisubrogation rule, as UHMC clearly qualified as an insured under the terms of that policy for whom Casualty should have expected to pay claims (*see Jefferson Ins. Co. of N.Y. v Travelers Indem. Co.*, 92 NY2d 363, 374-375 [1998]).

Cardona, P.J., Peters and Kane, JJ., concur. Ordered that the order entered September 18, 2002 is modified, on the law, without costs, by reversing so much thereof as denied third-party defendant's motion for summary judgment dismissing plaintiffs' Labor Law § 241 (6) claim; motion granted to that extent and said claim dismissed; and, as so modified, affirmed. Ordered that the order entered November 21, 2002 is affirmed, without costs.