■ MICHAEL DETRAGLIA, Appellant-Respondent, v BLUE CIRCLE CEMENT COMPANY, Also Known as BLUE CIRCLE CEMENT,

---

**3.** While plaintiffs assert that Wilkins' representation has not yet ceased, the record does not support this claim.

INC., and ATLANTIC CEMENT COMPANY, INC., and BLUE CIRCLE ATLANTIC, INC., and BLUE CIRCLE CEMENT USA, INC., and BLUE CIRCLE, INC., Respondent-Appellant. [776 NYS2d 342]—

Rose, J. Cross appeals from an order of the Supreme Court (Ceresia, Jr., J.), entered July 22, 2003 in Rensselaer County, which, inter alia, partially granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff was assisting in the replacement of heavy chains used to pulverize limestone in a large kiln owned by defendant when one of the chains fell from a grapple hook, striking and injuring him. He commenced this action seeking to recover damages pursuant to Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue, plaintiff moved for partial summary judgment on the issue of liability and defendant cross-moved for summary judgment dismissing the complaint. Finding the work in which plaintiff was engaged to be routine maintenance that is not within the purview of Labor Law §§ 240 and 241 (6), Supreme Court denied plaintiff's motion and granted defendant's cross motion except as to plaintiff's cause of action alleging a violation of Labor Law § 200. Plaintiff appeals and defendant cross appeals.

We affirm. Plaintiff was injured while replacing worn parts during regularly scheduled maintenance of defendant's kiln. Although large quantities of material were removed and installed by more than 100 workers over a period of 15 days, the project nonetheless amounted to "replacing components that require replacement in the course of normal wear and tear" (*Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]), rather than the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (Labor Law § 240 [1]; *see Robertson v Little Rapids Corp.*, 277 AD2d 560, 561-562 [2000]; *Goad v Southern Elec. Intl.*, 263 AD2d 654, 655 [1999]; *Noah v IBC Acquisition Corp.*, 262 AD2d 1037, 1037 [1999], *lv dismissed* 93 NY2d 1042 [1999]). As the project involved no construction or other activity within the ambit of

Labor Law § 241 (6) at the time of plaintiff's accident, dismissal of his claim under that section was also warranted (*see Esposito v New York City Indus. Dev. Agency, supra* at 528; *Nagel v D & R Realty Corp.*, 99 NY2d 98, 102 [2002]; *Goad v Southern Elec. Intl.*, 304 AD2d 887, 888 [2003]).

With regard to plaintiff's common-law negligence claim and the alleged violations of Labor Law § 200, we agree with Supreme Court that there is evidence that defendant furnished the allegedly defective grapple hook and had a safety officer present during the chain replacement operation, raising issues of fact precluding summary judgment (*see Soskin v Scharff*, 309 AD2d 1102, 1105 [2003]; *Samiani v New York State Elec. & Gas Corp.*, 199 AD2d 796, 797 [1993]).

Cardona, P.J., Mercure, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.