■ NICHOLAS BARBARITO et al., Respondents, v COUNTY OF TOMPKINS et al., Appellants. [803 NYS2d 208]—

---

Mercure, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered February 25, 2005 in Tompkins County, which, inter alia, granted plaintiffs' cross motion for partial summary judgment.

In January 2003, plaintiff Nicholas Barbarito (hereinafter plaintiff), an employee of Overhead Door of Cortland, Inc., was injured while removing links from a loose chain on an overhead garage door at a garage operated by defendant Tompkins County Highway Department and located on property owned by defendant County of Tompkins. Thereafter, plaintiffs commenced this action asserting causes of action based on negligence and Labor Law §§ 200, 240 (1) and § 241 (6). In response to defendants' motion to compel discovery, plaintiffs cross-moved for partial summary judgment on their Labor Law § 240 (1) claim. Defendants then moved for dismissal of the complaint. Supreme Court determined, among other things, that the adjustment of the chain was "repairing" within the meaning of Labor Law § 240 (1) and that defendants' violation of that section was a proximate cause of plaintiff's fall. Thus, the court granted plaintiffs summary judgment on that claim and, in addition, denied defendants' cross motion for dismissal of the complaint. Upon their appeal, defendants argue that plaintiffs are not entitled to relief under Labor Law § 240 (1) because plaintiff was not engaged in any of that provision's enumerated activities at the time of the accident. We agree and therefore now reverse.

Although "repairing" is an enumerated activity, it is to be distinguished from routine maintenance, which is not a protected activity under Labor Law § 240 (1) (see *Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 53 [2004]; *Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]). Contrary to plaintiffs' argument, the distinction between routine maintenance and repairing does not turn solely on whether the work involves fixing something that is not functioning properly (see *Abbatiello v Lancaster Studio Assoc., supra* at 53; *Robertson v Little Rapids Corp.*, 277 AD2d 560, 561-562 [2000], *abrogated on other grounds by Goad v Southern Elec. Intl.*, 304 AD2d 887, 888 [2003]). Even if the item to be repaired is malfunctioning or inoperable, when the work involves only component replacement or adjustment necessitated by normal wear and tear, it constitutes routine maintenance, rather than "repairing" or any other enumerated activity (see *Abbatiello v Lancaster Studio*

*Assoc., supra* at 53; *Esposito v New York City Indus. Dev. Agency, supra* at 528; *Smith v Shell Oil Co.*, 85 NY2d 1000, 1002 [1995]; *Robertson v Little Rapids Corp., supra* at 561-562; *Jehle v Adams Hotel Assoc.*, 264 AD2d 354, 355 [1999]). Here, plaintiff was injured while adjusting a loose chain on a garage door. The chain prevented the door from closing completely, thereby allowing heat loss through a gap at ground level that was one-half inch at most. Plaintiff's employer, which is not a party to this action, indicated that chain adjustment was "a very normal and ordinary procedure. . . . Sometimes the chains become loose and a link or two must be taken out to tighten the chain. . . . This procedure is performed on a regular basis by the [employer's] servicemen." Indeed, even plaintiff testified that he considered tightening the chains using a bolt attached for that purpose to be maintenance but explained that because the bolt on the chain here could not be adjusted further, links had to be taken out of the chain—a more involved job. The amount of work or danger entailed, however, does not bring a case within the confines of the term "repair" for purposes of determining liability under Labor Law § 240 (1) (*see Detraglia v Blue Circle Cement Co.*, 7 AD3d 872, 873 [2004] [replacement of worn parts on kiln involving 100 workers over 15-day period held to be routine maintenance]; *Robertson v Little Rapids Corp., supra* at 561 [replacement of "enormous" top press roll—"a process that arguably is fraught with danger"—held to be routine maintenance]).

Nor is it dispositive that the job arose from a service call by defendants requesting, among other things, repair of an operator on another door that had been damaged by a truck, in addition to the adjustment of the chain. The fact that a job arises from a service call, rather than regularly scheduled maintenance, is not sufficient to render it repair work (*see Abbatiello v Lancaster Studio Assoc., supra* at 49, 53). Moreover, while plaintiff's work on the other door's damaged operator may have constituted "repairing," that job was completed prior to plaintiff commencing adjustment of the loose chain and "the statute does not cover an injury occurring after an enumerated activity is complete" (*Beehner v Eckerd Corp.*, 3 NY3d 751, 752 [2004]; *cf. Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881-882 [2003]).

Further, we agree with defendants that plaintiffs' reliance on *Leubner v McNeil* (261 AD2d 777 [1999], *lv dismissed* 93 NY2d 1041 [1999]) (*Bellfy v Hopes Architectural Prods., Inc.,* Sup Ct, Chautauqua County, Jan. 7, 2 and *Bellfy v Hopes Architectural Prods., Inc.* (4 AD3d 783 [2004], *affg on mem below* Sup Ct,

Chautauqua County, Jan. 7, 2003, Gerace J.) is misplaced. In *Leubner*, the plaintiff was attempting to correct a drafty condition caused by improperly installed ceiling insulation and unlike the instant case, "[t]here [was] nothing in the record to indicate that properly installed ceiling insulation would ever need maintenance" (*Leubner v McNeil, supra* at 778). *Bellfy* involved work that was the final, necessary step to complete a garage door installation—i.e., an alteration—rather than any repair or routine maintenance work 003, Gerace J., at 3).

In short, because the adjustment of the chain here involved only routine maintenance to fix a common problem, plaintiffs may not sustain a claim under Labor Law § 240 (1). Their Labor Law § 241 (6) cause of action must also be dismissed inasmuch as maintenance work is not covered by that section, which is "inapplicable outside the construction, demolition or excavation contexts" (*Esposito v New York City Indus. Dev. Agency, supra* at 528; *see Nagel v D & R Realty Corp.*, 99 NY2d 98 [2002]; *Detraglia v Blue Circle Cement Co., supra* at 873-874; *Goad v Southern Elec. Intl., supra* at 888). Finally, in the absence of a showing that the dangerous condition here arose from anything other than the manner in which the work was performed or that defendants exercised any supervisory control over the operation, defendants' motion to dismiss plaintiffs' Labor Law § 200 and common-law negligence causes of action must also be granted (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877-878 [1993]; *Lombardi v Stout*, 80 NY2d 290, 294-295 [1992]; *Lyon v Kuhn*, 279 AD2d 760, 760-761 [2001]; *cf. Goad v Southern Elec. Intl., supra* at 888-889). It is not necessary for us to reach the parties' remaining arguments.

Cardona, P.J., Crew III, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, without costs, plaintiffs' cross motion for partial summary judgment denied, defendants' cross motion for summary judgment granted, complaint dismissed, and defendants' motion to compel denied, as academic.