■ MICHAEL KIRK, Appellant, v OUTOKUMPU AMERICAN BRASS, INC., Respondent. (And Third-Party and Fourth-Party Actions.) [823 NYS2d 556]—

Cardona, P.J. Appeal from an order of the Supreme Court (Mulvey, J.), entered June 29, 2005 in Tompkins County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff, an employee of third-party defendant Hohl Industrial Services, Inc., was injured in July 1999 when he fell from a ladder while working at a facility owned by defendant. As a result, plaintiff commenced this action against defendant, alleg-

ing violations of Labor Law §§ 200, 240 (1) and § 241 (6). Following joinder of issue and the commencement of various third-party and fourth-party actions, defendant moved for, among other things, summary judgment dismissing the complaint. Plaintiff cross-moved for partial summary judgment on his Labor Law § 240 (1) cause of action. Upon its finding that the work performed by plaintiff at the time of his injury was routine maintenance, rather than a repair, Supreme Court granted defendant's motion and dismissed the complaint, prompting this appeal by plaintiff.*

Labor Law § 240 (1) may serve as a basis for recovery for certain workers injured during the "erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure" (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]). Accordingly, in determining whether a plaintiff is entitled to the statute's protections, the critical inquiry is " 'what type of work the plaintiff was performing at the time of injury' " (*Panek v County of Albany*, 99 NY2d 452, 457 [2003], quoting *Joblon v Solow*, 91 NY2d 457, 465 [1998]). To that end, it has been repeatedly held that routine maintenance is not a protected activity within the meaning of Labor Law § 240 (1) (*see Abbatiello v Lancaster Studio Assoc.*, 3 NY3d 46, 53 [2004]; *Esposito v New York City Indus. Dev. Agency, supra* at 528; *Barbarito v County of Tompkins*, 22 AD3d 937, 938-939 [2005], *lv denied* 7 NY3d 701 [2006]; *Detraglia v Blue Circle Cement Co.*, 7 AD3d 872, 873-874 [2004]).

In the instant case, it is uncontroverted that the work performed by plaintiff occurred during a routine "shut down" period, at which time defendant disabled some or all of its production machinery so that different parts thereof could be worked on. In his deposition testimony, Hohl's project manager characterized the job as "changing some guides and some cam rollers and things that [defendant] would normally do but . . . couldn't get at . . . during the course of work." He also noted that the shut downs occurred on a quarterly or biannual basis and that the machinery had been fully operational prior to the July 1999 shutdown. A consistent characterization of the work was provided by defendant's senior mechanical project engineer, and a supervisor for Hohl testified that his understanding of the work being performed was "[b]asically an inspection. Look for worn out parts and replace what needed to be done."

---

* Supreme Court dismissed plaintiff's Labor Law § 200 cause of action on other grounds. Inasmuch as plaintiff has not addressed that cause of action in his brief, we deem that issue abandoned (*see Olson v Pyramid Crossgates Co.*, 291 AD2d 706, 708 [2002]).

In our view, plaintiff's own description of the work as a "repair"—as well as his reliance on invoices which labeled the job similarly—failed to create a triable issue of fact concerning the nature of the work performed. In the absence of proof that the "machine or object being worked upon was inoperable or not functioning properly" (*Goad v Southern Elec. Intl.*, 263 AD2d 654, 655 [1999]), Supreme Court properly concluded that the work performed by plaintiff was in the nature of routine maintenance (*see Barbarito v County of Tompkins, supra* at 938-939; *Detraglia v Blue Circle Cement Co., supra* at 873; *Robertson v Little Rapids Corp.*, 277 AD2d 560, 561-562 [2000], *abrogated on other grounds by Goad v Southern Elec. Intl.*, 304 AD2d 887 [2003]). Moreover, even if, as plaintiff contends, there was construction and repair work taking place elsewhere on the job site at the time of plaintiff's injury, there is no indication that plaintiff's work was integrated therewith and, thus, he may not rely upon work conducted by others in order to bring him within the statute's protections (*see Martinez v City of New York*, 93 NY2d 322, 326 [1999]; *compare Prats v Port Auth. of N.Y. & N.J.*, 100 NY2d 878, 881 [2003]).

Finally, inasmuch as Supreme Court correctly concluded that plaintiff was injured while performing routine maintenance, his Labor Law § 241 (6) cause of action was also properly dismissed (*see* Labor Law § 241; *Esposito v New York City Indus. Dev. Agency, supra* at 528; *Barbarito v County of Tompkins, supra* at 939; *Goad v Southern Elec. Intl., supra*).

Mercure, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, with costs.