*642 Order, Supreme Court, New York County (Geoffrey D. Wright, J.), entered September 2, 2014, which, insofar as appealed from as limited by the briefs, granted the motion of defendant Rockland Home for the Aged Housing Development Fund Company, Inc. (Rockland Home) for summary judgment dismissing the Labor Law § 240 (1) claim, and granted the motion of defendant Thyssenkrupp Elevator Corporation (TEC) for summary judgment dismissing the complaint and all cross claims as against it, unanimously affirmed, without costs.
The Labor Law § 240 (1) claim was properly dismissed in this action where plaintiff was injured while attempting to climb out of an elevator pit in the absence of a pit ladder. The record shows that plaintiff was in the process of tightening bolts and replenishing oil, which he acknowledged is an ordinary occurrence in hydraulic elevators. Accordingly, the work plaintiff was engaged in constituted routine maintenance, and was not an activity to which the statute applies (see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528 [2003]; Smith v Shell Oil Co., 85 NY2d 1000, 1002 [1995]).
The court also properly dismissed the complaint and all cross claims as against TEC, whose predecessor manufactured the elevator. Whether or not TEC’s predecessor also installed the elevator, TEC made a prima facie showing that it owed plaintiff no duty, in that it is a general contractor’s responsibility to provide a pit ladder, which is not a component of an elevator.
In opposition, plaintiff failed to raise a triable issue of fact, his expert’s conclusory assertions notwithstanding.
We have considered plaintiff’s remaining arguments and find them unavailing.
Concur — Tom, J.R, Acosta, Andrias, Moskowitz and Clark, JJ.