Cookies on Fulton, Inc. v Aspen Specialty Ins. Co. (2022 NY Slip Op 04219)

Cookies on Fulton, Inc. v Aspen Specialty Ins. Co.

2022 NY Slip Op 04219

Decided on June 30, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 30, 2022

Before: Kapnick, J.P., Friedman, Moulton, Shulman, Pitt, JJ. 

Index No. 655549/18 Appeal No. 16237-16237A Case No. 2022-00126 2022-00137 

[*1]Cookies on Fulton, Inc., et al., Plaintiffs-Appellants-Respondents,
v
Aspen Specialty Insurance Company, Defendant-Respondent-Appellant. 

Blank Rome LLP, New York (David M. Jacobson of counsel), for appellants-respondents.
Goldberg Segalla, LLP, Buffalo (Adam R. Durst of counsel), for respondent-appellant.

Orders, Supreme Court, New York County (Melissa A. Crane, J.), entered on or about September 14, 2021 and December 17, 2021, which denied the parties' motions for summary judgment, unanimously modified, on the law, to grant conditionally plaintiff's motion for summary judgment as to liability on its breach of contract claim, and otherwise affirmed, without costs.
Defendant failed to establish prima facie that the underlying personal injury sustained during plaintiff's work replacing lightbulbs in the stockrooms of the instant plaintiffs' store constitutes construction- or renovation- related activity (see Lend Lease [US] Constr. LMB Inc. v Zurich Am. Ins. Co., 28 NY3d 675, 684 [2017]). While the words "construction" and "renovation" are not defined in the policy, the underlying plaintiff's work is related neither to construction nor renovation as those words are commonly defined (see Black's Law Dictionary [11th ed 2019]; the Merriam-Webster Online Dictionary [Merriam-Webster]; Lend Lease [US] Constr. LMB Inc., 28 NY3d at 683-84).
Plaintiffs demonstrated conclusively that the underlying injuries arose out of a maintenance-related activity, which falls within the exception to the policy exclusion. The testimony, affidavits, and invoice show that the plaintiff in the underlying personal injury action was only replacing the lightbulbs and light fixtures, using the existing wiring, to restore the lights to their former condition. This activity fits the definition of the word maintenance (see generally Smith v Shell Oil Co., 85 NY2d 1000, 1002 [1995] ["(c)hanging a lightbulb is not 'erection, demolition, repairing, (or) altering" a building or structure under Labor Law § 240(1)]; Caban v 1691 Fulton Ave. Hous. Dev. Fund Corp., 200 AD3d 593, 593-94 [1st Dept 2021] [replacement of ballast in light fixture is routine maintenance not covered by Labor Law § 240(1)]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 30, 2022