KAREN V. MOLINARI, as Executrix of JOSEPH P. MOLINARI, JR., Deceased, Respondent, v KAR-SAN DEVELOPMENT, LTD., Appellant, et al., Defendants.

· Third Department, May 29, 1986

## APPEARANCES OF COUNSEL

*Windels, Marx, Davies & Ives (Anthony A. Dean* of counsel), and *Coughlin & Gerhart (James P. O'Brien* of counsel), for appellant.

*Daniel Donnelly (Norman E. Frowley* of counsel), for respondent.

*Hinman, Howard & Kattell (James L. Chivers* of counsel), for City of Oneonta, defendant.

## OPINION OF THE COURT

CASEY, J.

Since plaintiff seeks to recover damages on account of her husband's death due to injuries sustained in the course of his employment, defendant employer's motion to dismiss, based upon the exclusivity provisions of Workers' Compensation Law § 11, should have been granted. Special Term's order denying the motion must, therefore, be reversed.

Decedent, the vice-president and treasurer of defendant Kar-San Development, Ltd. (hereinafter defendant), was killed when the airplane in which he was traveling crashed near the Oneonta Municipal Airport in Otsego County. It is undisputed that decedent was returning from a business trip on behalf of defendant. It is also undisputed that the airplane was owned by defendant and that the pilot was an independent contractor rather than defendant's employee.

Relying upon the Court of Appeals decision in *Billy v Consolidated Mach. Tool Corp.* (51 NY2d 152), Special Term concluded that workers' compensation was not plaintiff's exclusive remedy since defendant's liability was vicarious, based upon the liability of a third-party tort-feasor (the pilot) which defendant had "assumed" by operation of law (General Business Law § 251 [1]). Defendant argues that the holding in *Billy* is a narrow one, not intended to apply to the facts and circumstances of this case. Plaintiff argues that the language used by the court in its decision in *Billy* creates an expansive exception to the exclusivity provisions of the Workers' Compensation Law. We agree with defendant.

In *Billy v Consolidated Mach. Tool Corp. (supra),* the deceased employee was killed when an allegedly defective machine at the employer's premises malfunctioned. After collecting workers' compensation benefits, the decedent's widow commenced a wrongful death action against the employer and others. The Court of Appeals rejected the plaintiff's contention that: "notwithstanding section 11 of the Workers' Compensation Law, she is entitled to maintain a common-law action against [the employer] either in its capacity as a participant in the manufacture and design of the metal 'lifting bar' which was involved in the accident or in its capacity as the owner of the premises on which the accident occurred" *(supra,* at p 158). The court declared such a " 'dual capacity' " doctrine "fundamentally unsound" *(supra,* at p 159), and concluded that approval of the doctrine would "seriously undermin[e] the salutary social purposes underlying the existing workers' compensation scheme" *(supra,* at p 160). Nevertheless, the court found that "the exclusivity rule of section 11 is not available as a defense to a common-law tort action under [the facts presented in *Billy]" (supra,* at p 161).

The record in *Billy (supra)* established that the machine which allegedly caused the decedent's injuries was designed and manufactured more than 20 years prior to the accident by two corporate entities which merged with the employer prior to the date of the accident. The Court of Appeals reasoned: "Conceptually, the deceased employee's executrix is suing not the decedent's former employer, but rather the successor to the liabilities of the two alleged tort-feasors. That USM also happens to have been the injured party's employer is not of controlling significance, since the obligation upon which it is being sued arose not out of the employment relation, but rather out of an independent business transaction between USM and Farrel. What distinguishes this case from the 'dual-capacity' cases discussed above is that here the tort in question was not committed by the employer or any of its agents; instead, the tort, if any, was committed by third parties, which, as it appears on the present record, never had an employer-employee relationship with the injured party. Since these third parties would have had no basis for invoking section 11 of the Workers' Compensation Law as a defense in a common-law action brought against them by the employee or his dependents, USM, which stands in their shoes with respect to the question of liability, should similarly not be permitted to do so" *(supra,* p 161).

Plaintiff maintains that, although the facts of the instant case differ from those in *Billy (supra)*, the above language is applicable to the facts herein. Thus, plaintiff claims that defendant's status as decedent's employer is not of controlling significance, since defendant's liability arises out of the independent transaction whereby it became the owner of the airplane, and since the tort, if any, was committed by the pilot, a third party who would have no basis for invoking the exclusivity provisions of Workers' Compensation Law § 11. We conclude, however, that the holding in *Billy* creates a much more narrow exception to the general rule, one which is not applicable to the facts herein.

In *Billy (supra)*, the transactions whereby the employer assumed liability (the corporate mergers) bore no relationship to the decedent's employment, and the alleged tort was committed by corporate entities acting independently, not as agents of the employer. Here, however, defendant's acquisition and ownership of the airplane bore a direct relationship to the employment, for the airplane was used to fly employees, including decedent, on business trips for the benefit of defendant, and while the pilot was not defendant's employee, it is undisputed that he was acting as defendant's agent. The basis for defendant's liability asserted by plaintiff is defendant's status as owner of the airplane, and the Court of Appeals expressly rejected this dual capacity doctrine in *Billy*. Plaintiff concedes that her action would be barred if the pilot had been an employee, rather than an independent contractor, and we cannot sanction circumvention of the exclusivity provisions of Workers' Compensation Law § 11 on the basis of "illusory distinctions" *(Billy v Consolidated Mach. Tool Corp., supra,* p 160). Defendant's motion to dismiss the complaint against it must, therefore, be granted.

KANE, J. P., MIKOLL and LEVINE, JJ., concur.

Order reversed, on the law, with one bill of costs, motion granted and complaint dismissed as to defendant Kar-San Development, Ltd.