■ ALEXANDER R. CARUSONE, JR., Respondent, v THREE CENTERS (OLROHO) ASSOCIATES, Defendant, and PRICE CHOPPER COMPANY et al., Appellants.—Kane, J.

Plaintiff was injured at the storage and warehouse facility of defendant Price Chopper Company in the course of unloading a truck at its loading dock. The complaint, in three separate causes of action, seeks recovery against both defendant Golub Corporation and defendant Price Chopper Company, a wholly owned subsidiary which operates Price Chopper Supermarkets on behalf of Golub. The first cause of action

alleges violations of the Labor Law; the second, strict products liability; and the third, negligence. In each cause of action, plaintiff alleges he was an employee of defendants. Accordingly, both Golub and Price Chopper on this appeal set forth as an affirmative defense that plaintiff's exclusive remedy is pursuant to the provisions of the Workers' Compensation Law (see, Workers' Compensation Law § 11).

The record demonstrates that, at the time of plaintiff's injury, the State Insurance Fund had issued a workers' compensation insurance policy covering Golub and/or Price Chopper and that an employer's report of injury had been filed by Golub and/or Price Chopper with the Workers' Compensation Board, which resulted in a decision establishing accident, notice and causal relation. It is the contention of plaintiff that the matter is not ripe for summary judgment since the record does not demonstrate a sufficient basis to establish that Golub and Price Chopper are operating as one corporate entity, nor does the record adequately identify which of them actually employed the plaintiff. We disagree.

There is a sufficient showing of the relationship between Golub and Price Chopper when the record is examined in its entirety. The admission of plaintiff, the affidavits in support of the motions for summary judgment made by representatives of Golub and Price Chopper, the State Insurance Fund and its policy of insurance, all lend further support to the legal conclusion that plaintiff's exclusive remedy against these defendants is pursuant to the provisions of the Workers' Compensation Law (see, Shine v Duncan Petroleum Transp., 60 NY2d 22).

Order reversed, on the law, without costs, motions granted and complaint dismissed against defendants Price Chopper Company and Golub Corporation. Mahoney, P. J., Kane, Weiss, Mikoll and Levine, JJ., concur.