■ CHRISTOPHER BONACCI, Respondent, v TREFFILETTI SUPERMARKETS, INC., Appellant, and HOBART MANUFACTURING COMPANY, INC., Respondent. (And a Third-Party Action.) [613 NYS2d 470] —Cardona, P. J. Appeal from an order of the Supreme Court (Kahn, J.), entered July 19, 1993 in Albany County, which denied a motion by defendant Treffiletti Supermarkets, Inc. for summary judgment dismissing the complaint against it.

On July 25, 1989, plaintiff sustained lacerations to the fingers of his right hand while operating a band saw during the course of his employment as a meat cutter at the Ravena Star Market located in the Town of Coeymans, Albany County. Plaintiff filed for and received workers' compensation benefits. Alleging, inter alia, causes of action for negligence and strict products liability, plaintiff commenced a personal injury action against defendant Treffiletti Supermarkets, Inc. and defendant Hobart Manufacturing Company, Inc.* Follow-

---

* Thereafter, Hobart Manufacturing Company commenced a third-party action against Treffiletti, Star Markets of Albany, Inc., J. Treffiletti and Sons, Inc., and A.T.S. Service Systems, Inc. for negligence. The third-party action is irrelevant to this appeal.

ing discovery, Treffiletti moved for summary judgment pursuant to CPLR 3212 upon the ground that plaintiff's exclusive remedy against it was for workers' compensation benefits *(see,* Workers' Compensation Law §§ 11, 29). In his complaint, plaintiff alleged that on the date of the accident he was employed by Star Markets of Albany, Inc. (hereinafter Star Markets). Supreme Court denied the motion, finding that an issue of fact existed concerning plaintiff's actual employer on the date of the accident. Treffiletti appeals. We reverse.

The record demonstrates that plaintiff was awarded workers' compensation benefits in a decision of the Workers' Compensation Board, which identified Treffiletti as an employer. Plaintiff is barred by the exclusivity provision of Workers' Compensation Law § 11 from maintaining this action against Treffiletti *(see, Werner v State of New York,* 53 NY2d 346; *Richiusa v Kahn Lbr. & Millwork Co.,* 148 AD2d 690, 691). Until such time as the Board modifies its decision that plaintiff was an employee of Treffiletti, the award stands as a bar to the present action *(see, Werner v State of New York, supra,* at 355; *Richiusa v Kahn Lbr. & Millwork Co., supra,* at 691-692). The effect of this determination is not diminished by the fact that the Board also identified another entity, Ravena Star Market, as an employer, because a worker may be employed by two or more employers for the purpose of determining whether the exclusivity provisions of Workers' Compensation Law §§ 11 and 29 apply *(see, Restivo v Weinreb,* 113 AD2d 879; *Bradford v Air La Carte,* 79 AD2d 553, 554).

Mikoll, Mercure, Casey and Weiss, JJ., concur. Ordered that the order is reversed, on the law, with costs, motion granted, summary judgment awarded to defendant Treffiletti Supermarkets, Inc. and complaint dismissed against it.

