■ SHIRLEY KLIGMAN, Appellant, v CALL AGAIN THRIFT SHOP, INC., Respondent. [618 NYS2d 288] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered September 9, 1993, granting defendant's motion for summary judgment dismissing the complaint on the ground it is barred

by the exclusive remedy of Workers' Compensation Law, unanimously affirmed, without costs.

Workers' Compensation is an exclusive remedy as a matter of substantive law *(see, e.g., Acevedo v Consolidated Edison Co.,* 189 AD2d 497, *lv dismissed* 82 NY2d 748). Here, the record demonstrates plaintiff was a volunteer employee of defendant, a not-for-profit corporation, which had prior to her accident elected to bring its employees under the coverage of the Workers' Compensation Law (Workers' Compensation Law § 3 [1] [Group 19]; *see, Monteleone v Center Stor. Warehouses,* 68 NYS2d 369, 371-372). Contrary to plaintiff's contention, no material issue of fact exists concerning non-coverage. That plaintiff identified another entity, the charitable foundation, as an employer does not affect the determination *(see, Bonacci v Treffiletti Supermarkets,* 205 AD2d 907, 908). Concur—Sullivan, J. P., Rosenberger, Ross, Asch and Tom, JJ.