■ In the Matter of MEL LAMPHRON, Appellant, v STATE OF NEW YORK THRUWAY AUTHORITY et al., Respondents. [657 NYS2d 516] —Casey, J. Appeals (1) from a judgment of the Supreme Court (Teresi, J.), entered March 6, 1996 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition for failure to exhaust administrative remedies, and (2) from an order of said court, entered July 17, 1996 in Albany County, which denied petitioner's motion for renewal.

On or about June 19, 1995, petitioner, then an employee of respondent State Canal Corporation, a subsidiary of respondent State Thruway Authority, notified respondents of his resignation effective June 28, 1995. At that time, petitioner had accrued over 161 hours of unused vacation time. Respondents subsequently informed petitioner that he would not be paid for his accrued vacation time because he had failed to give two weeks' written notice of his resignation. By letter dated October 17, 1995, the Civil Service Employees Association made a formal demand on petitioner's behalf to Thomas Fitzgerald, the Director of Labor Relations for the Thruway Authority, for payment of the accrued vacation time. Fitzgerald responded by verifying that payment was denied because petitioner had failed to proffer two weeks' written notice of his resignation. As authority for respondents' actions, Fitzgerald relied upon 4 NYCRR 23.1 which provides that, in the case of resignation,

the agency may condition payment of accrued vacation time upon the receipt of two weeks' written notice of resignation.

Petitioner then commenced this CPLR article 78 proceeding alleging, *inter alia*, that respondents' refusal to pay was arbitrary and capricious. Supreme Court subsequently dismissed the application for failure to exhaust administrative remedies and petitioner appeals from that judgment.

Petitioner thereafter moved for leave to renew based upon "newly discovered" evidence that Fitzgerald, who had responded to petitioner's October 1995 demand for payment, was at that time the step 3 grievance decision maker under petitioner's collective bargaining agreement. Petitioner reasoned that renewal should be granted because Fitzgerald's denial of his formal demand for payment constituted an exhaustion of administrative remedies or, in the alternative, that failure to exhaust should be excused as futile. Supreme Court denied the motion and petitioner appeals from that order as well.

Petitioner's collective bargaining agreement specifically sets forth a grievance procedure to be used in circumstances such as this which involve a noncontract grievance dispute. As petitioner failed to exhaust the administrative remedies set forth in that agreement prior to seeking judicial review, the petition was properly dismissed by Supreme Court (*see, Matter of Plummer v Klepak*, 48 NY2d 486, 489, *cert denied* 445 US 952). We reject petitioner's contention that the issue here involves "a pure question of law" for which exhaustion of remedies is not required (*Matter of Cady v Clark*, 176 AD2d 1055, 1056).

Supreme Court also appropriately denied petitioner's motion to renew. Petitioner failed to raise new and relevant facts that were not available when the original motion was made or to tender a justifiable excuse for not bringing these facts to the court's attention in the first instance (*see, Wagman v Village of Catskill*, 213 AD2d 775, 775-776). Having reached this conclusion, we decline to reach petitioner's remaining argument.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment and order are affirmed, without costs.