■ In the Matter of NEW YORK STATE CORRECTIONAL OFFICERS AND POLICE BENEVOLENT ASSOCIATION, INC., et al., Appellants, v STATE OF NEW YORK et al., Respondents. [753 NYS2d 393] —Kane, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered October 11, 2001 in Albany County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for failure to exhaust administrative remedies.

Petitioners Daniel Barrier, Kenneth Besaw, Daniel Bushey, Samuel Marotta and Danny Weaver (hereinafter the individ-

ual petitioners) are correction officers working in the special housing unit (hereinafter SHU) at Clinton Correctional Facility in Clinton County. Occasionally, some inmates confined to the SHU throw urine, blood, feces and other bodily fluids at the correction officers or on the floor. When there was no trained personnel or inmate to clean up the bodily waste, the individual petitioners were ordered to do so. In March 2000, the individual petitioners filed grievances alleging, inter alia, that cleaning blood and bodily fluid spills constituted out-of-title work pursuant to article 9 of the collective bargaining agreement between petitioner New York State Correctional Officers and Police Benevolent Association, Inc. (hereinafter the Association) and respondent State of New York. By decision dated October 12, 2000, the Governor's Office of Employee Relations adopted the recommendations of the Director of Classification and Compensation of the Department of Civil Service who found that cleaning up blood and bodily fluids is out-of-title work in the absence of a temporary emergency. Accordingly, the grievances were sustained and the Department of Correctional Services (hereinafter DOCS) was ordered to cease and desist making such assignments absent temporary emergencies.

In December 2000, respondent Daniel Senkowski, Superintendent of Clinton Correctional Facility, revised the facility's policy on this issue determining that if no inmate was locked in SHU who was a trained porter for the purpose of cleaning such spills, "or if security concerns within SHU preclude the release of the trained inmate," then that situation would create a temporary emergency requiring that the spills be cleaned up by correction officers. Petitioners then commenced this CPLR article 78 proceeding challenging the revised policy as, inter alia, arbitrary, capricious and contrary to law. Respondents raise as a defense petitioners' failure to exhaust their administrative remedies before seeking judicial review. Supreme Court dismissed the petition for failure to exhaust administrative remedies based on the individual petitioners' failure to grieve the issue of whether the circumstances outlined in the revision constituted a temporary emergency within the meaning of the collective bargaining agreement. We affirm.

A petitioner must exhaust all administrative remedies before seeking judicial review unless "an agency's action is challenged as either unconstitutional or wholly beyond its grant of power, or when resort to an administrative remedy would be futile or when its pursuit would cause irreparable injury" (*Watergate II*

*Apts. v Buffalo Sewer Auth.*, 46 NY2d 52, 57 [citations omitted]). Article 9 of petitioners' collective bargaining agreement states, in relevant part, that "[g]rievances alleging violation of this Article shall be processed pursuant to Article 7, paragraph 7.1 (b), and shall be filed utilizing an out-of-title grievance form," and thus specifically establishes a procedure to be used in circumstances such as this. Petitioners' argument that they are not required to grieve the same issue more than once was properly rejected by Supreme Court because the issue they seek to litigate here, i.e., whether the circumstances outlined in the revision to facility policy constituted a temporary emergency within the meaning of the collective bargaining agreement, was not considered by the Governor's Office of Employee Relations in the prior grievances. Accordingly, by failing to pursue the grievance procedure to address their complaints, petitioners failed to exhaust their administrative remedies which, in the absence of any exception, warrants dismissal of the petition (*see Matter of Lamphron v State of N.Y. Thruway Auth.*, 239 AD2d 860, 861). Having reached this conclusion, we decline to reach petitioners' remaining arguments.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered the judgment is affirmed, without costs.