■ RONALD A. SMITH, Respondent-Appellant, v CSX TRANS-PORTATION, INC., Appellant-Respondent. [818 NYS2d 369]—

Appeal and cross appeal from an order of the Supreme Court, Onondaga County (John V. Centra, J.), entered September 7, 2005 in a personal injury action. The order denied in part defendant's motion for summary judgment dismissing the

complaint and denied plaintiff's cross motion for partial summary judgment on liability on the first, second, fifth and sixth causes of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting that part of the motion with respect to the second cause of action and dismissing that cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for injuries he sustained when he fell from a trailer on a railroad car as he was preparing the trailer for unloading. The accident occurred when plaintiff reached up to unlock a rusted bullet lock and the lock broke, causing him to lose his balance and fall to the ground. Defendant owns the railroad yard where the accident occurred and, according to plaintiff, defendant also owned the railroad vehicle from which he fell and was his employer at the time of the accident.

Supreme Court properly denied that part of defendant's motion seeking summary judgment dismissing the first cause of action, alleging that defendant is liable under the Federal Employers' Liability Act ([FELA] 45 USC § 51 *et seq.*). Defendant's own evidence submitted in support of the motion raises triable issues of fact whether, at the time of the accident, defendant "had significant supervisory control or the right to such control over the performance of [plaintiff's] duties" and thus whether plaintiff was an employee of defendant under FELA (*Smith v Metropolitan Transp. Auth.*, 226 AD2d 168, 168-169 [1996], *lv denied* 89 NY2d 803 [1996], *cert denied* 520 US 1186 [1997]). The court also properly denied those parts of defendant's motion seeking summary judgment dismissing the third and fourth causes of action, for common-law negligence and the violation of Labor Law § 200. The record establishes that there is a triable issue of fact whether defendant breached its common-law or statutory duty, as owner or employer, to provide plaintiff with a safe place to work (*see Jock v Fien*, 80 NY2d 965, 967 [1992]; *Griffin v New York City Tr. Auth.*, 16 AD3d 202 [2005]).

The court properly denied those parts of plaintiff's cross motion seeking partial summary judgment on liability on the fifth and sixth causes of action, for the violations of Labor Law § 240 (1) and § 241 (6), and granted those parts of defendant's motion seeking summary judgment dismissing those causes of action. Plaintiff was not engaged in an activity protected under either statute when the accident occurred. Contrary to plaintiff's contention, the unlocking of a bullet lock does not constitute an alteration of the trailer or the railroad car within the meaning

of section 240 (1) (*see generally Joblon v Solow*, 91 NY2d 457, 465 [1998]; *Acosta v Banco Popular*, 308 AD2d 48, 50-51 [2003]). Similarly, "Labor Law § 241 (6) 'covers industrial accidents that occur in the context of construction, demolition and excavation,' " and plaintiff was not engaged in any of those activities when he was injured (*Dorato v Forest City Enters., Inc.*, 12 AD3d 1119, 1120 [2004], quoting *Nagel v D & R Realty Corp.*, 99 NY2d 98, 103 [2002]).

We further conclude, however, that the court erred in denying that part of defendant's motion seeking summary judgment dismissing the second cause of action, for the violation of the federal Safety Appliance Act (49 USC § 20301 *et seq.*). Plaintiff was not coupling or uncoupling vehicles when he fell, and thus the requirement that a vehicle be equipped with "secure grab irons or handholds on its ends and sides for greater security to individuals in coupling and uncoupling vehicles" does not apply (§ 20302 [a] [2]; *see Norfolk & Western R. Co. v Hiles*, 516 US 400, 407-408 [1996]). Further, the allegedly slippery condition of the platform where plaintiff stood prior to the accident does not constitute a violation of the duty to provide "secure sill steps" (49 USC § 20302 [a] [1] [B]; *see Raudenbush v Baltimore & O. R. Co.*, 160 F2d 363, 365-366 [1947]), and the alleged absence of "efficient hand brakes" was unrelated to the accident (49 USC § 20302 [a] [1] [B]). We therefore modify the order accordingly. Present—Kehoe, J.P., Gorski, Martoche, Green and Hayes, JJ. [*See* 8 Misc 3d 1029(A), 2005 NY Slip Op 51342(U).]