OPINION OF THE COURT
William R. LaMarca, J.
*203 Petitioner, Civil Service Employees Association, Inc., Local 1000, AFSCME, AFL-CIO (hereinafter referred to as CSEA), petitions the court for judgment, pursuant to article 78 of the CPLR, declaring that the actions of respondents, Port Washington Union Free School District and Port Washington Union Free School District Board of Education, are arbitrary and capricious and in violation of the New York State Constitution. The District opposes the petition and, in a companion motion, the District petitions the court to dismiss CSEA’s petition, pursuant to CPLR 7804 (f). The petitions are determined as follows:
In this article 78 proceeding, petitioner seeks review of respondents’ practice of assigning public employees, i.e., groundskeepers in the CSEA bargaining unit, to remove trash and debris from a small strip of property known as St. John’s Place, a residential street, which borders a portion of the grounds on which Paul D. Schreiber High School in Port Washington is located. The trash is generated by students who congregate on the public street during their lunch period much to the chagrin of local homeowners. Petitioner maintains that the assignment of a groundskeeper, employed by the District, to remove trash and litter from the street and/or homeowners’ lawns in the immediate vicinity of the high school, is arbitrary and capricious and violative of New York State Constitution, article VIII, § 1, which prohibits gifts of public funds for private use. In considering this matter, it is clear to the court that the alleged practice does not run afoul of the no gift prohibition of article VIII, § 1 of the New York State Constitution which provides in pertinent part that: “[n]o county, city, town, village or school district shall give or loan any money or property to or in aid of any individual, or private corporation or association, or private undertaking.”
It appears from the record that the decision to assign a custodian to collect trash off campus was made in reaction to complaints received by the District from neighbors regarding the litter left on, and in front of, their property by students who congregate on St. John’s Place. Under the District’s “open-campus” policy, 11th and 12th graders are permitted to leave school grounds during their lunch period and apparently many of them choose to congregate on the neighboring street during those periods.
CPLR 7801 provides, in pertinent part, that a determination must be final before being subjected to CPLR article 78 review. An agency determination becomes ripe for review, therefore, *204 when the determination becomes final and binding on the petitioner seeking such review. (Matter of Yarbough v Franco, 95 NY2d 342 [2000].) A petitioner is aggrieved when the agency issues an unambiguously final decision that puts the petitioner on notice that all administrative appeals have been exhausted. (Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole, 95 NY2d 267 [2000].) Where, however, a final determination has not been issued, and there are further administrative steps available to secure a change in result, they must be pursued before a party seeks court intervention. (Matter of Iacone v Building Dept. of Oyster Bay Cove Vil., 32 AD3d 1026 [2d Dept 2006].)
While the rule that all administrative remedies must be exhausted prior to judicial review need not be adhered to when an agency’s action is challenged as either unconstitutional or wholly beyond its grant of power, or where resort to an administrative remedy would be futile (Watergate II Apts, v Buffalo Sewer Auth., 46 NY2d 52 [1978]), here the constitutional challenge asserted by petitioner is wholly untenable. Where a petitioner fails to pursue the grievance procedures set forth in a collective bargaining agreement or establish that the pursuit of such remedy would have been futile, an article 78 proceeding is properly dismissed. (Matter of Podolsky v Daniels, 21 AD3d 559 [2d Dept 2005].)
Under the facts at bar, the utilization of groundskeepers during their regular work hours to collect litter generated by students on property adjacent to school grounds cannot be characterized as a gift of public resources to private individuals. Any such claim is devoid of merit. The homeowners whose property is affected did not create the litter and, notwithstanding petitioner’s assertion to the contrary, it is an overstatement to equate respondents’ efforts to ameliorate a difficult situation with neighboring property owners with a capricious use of public funds and employees to maintain nearby private property.
The antigift provision of the New York State Constitution was intended to curb raids on the public purse for the benefit of favored individuals or enterprises furnishing no corresponding benefit. The prohibition on gifting requires that the municipal entity expend its funds to meet its lawful obligations as a result of performance of its governmental functions. (New Windsor Volunteer Ambulance Corps, Inc. v Meyers, 442 F3d 101, 112-113 [2d Cir 2006].) While petitioner may not approve of the practice and, in fact, may question the advisability of the “open *205 campus” policy itself, the facts as alleged do not rise to the level of a gift of public funds for the benefit of favored individuals or an expenditure of funds contrary to the lawful obligations of respondent District.
Accordingly, even giving the CSEA the benefit of every possible inference, and deeming the allegations of the petition to be true (Matter of 10 E. Realty, LLC v Incorporated Vil. of Val. Stream, 17 AD3d 472 [2d Dept 2005]), it is the judgment of the court that the petition does not assert a viable constitutional challenge.
To the extent that the petition may be read to assert that the requirement that groundskeepers clean private property constitutes a violation of the collective bargaining agreement (CBA) between the District and the custodial, maintenance and transportation employees of the CSEA, petitioner must comply with the procedure set forth in section VIII of the CBA. The petition specifically alleges, inter alia, that, pursuant to the terms of the CBA: (a) work assignments are restricted to school premises; (b) the requirement that groundskeepers clean private property presents a health and safety risk to them; (c) “the parties did not contemplate nor did they negotiate the terms and conditions of employment in the event unit bargaining members were directed to work on private property or property other than school property” and (d) the respondents’ requirement that groundskeepers clean or maintain private property is arbitrary and capricious. Such issues are within the purview of the CBA. By failing to pursue the CBA’s grievance procedure to address its complaint, petitioner failed to exhaust its administrative remedies which, in the absence of a valid exception, warrants dismissal of the petition. (Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New York, 301 AD2d 845 [3d Dept 2003].)
Based on the foregoing, it is hereby ordered that the CSEA’s petition is in all respects denied; and it is further ordered that the District’s petition is granted and the CSEA’s petition is dismissed.
All further requested relief not specifically granted is denied.