■ EDWARD J. LEN, as Administrator of the Estate of MICHAEL E. LEN, Deceased, Appellant, v STATE OF NEW YORK et al., Respondents. [906 NYS2d 622]—

Spain, J. Appeal from an order of the Court of Claims (Hard, J.), entered February 23, 2009, which, among other things, granted defendants' motion to dismiss the claim and/or for summary judgment dismissing the claim.

On December 7, 2006, decedent tragically fell to his death from one of the movable dams at Lock 9 of the Erie Canal on the Mohawk River. At the time, decedent was employed by defendant New York State Canal Corporation as the chief lock operator for the Green Island Bridge in the City of Troy, Rensselaer County, but—on that morning—he had been directed to report to Lock 9 to assist in raising the lock's movable dams, a task that was performed seasonally to allow for winter ice flow. Positioned on a catwalk below the bridge decking, decedent was using a pole to clear a small tree lodged in the dam's upper gate when he fell, landing in the Mohawk River and subsequently drowning. Decedent's father, in his capacity as administrator of decedent's estate, commenced this action against the Corporation, defendant State of New York and defendant New York State Thruway Authority alleging both wrongful death and conscious pain and suffering.

Asserting, among other things, that all of the claims are barred by the exclusivity provision of Workers' Compensation Law § 11, defendants moved to dismiss the action and/or for summary judgment. Conceding only that his claims against the Corporation are barred, claimant otherwise opposed the motion and cross-moved to amend his claim as against the State and the Authority to allege Labor Law violations. The Court of Claims granted defendants' motion, holding that the claims against the Authority—by virtue of its parent-subsidiary relationship with the Corporation—were barred by the exclusivity provision of Workers' Compensation Law § 11. The court further held that the claims against the State, including the proposed Labor Law violations, lacked merit and, thus, dismissed the complaint and denied claimant's motion to amend his complaint as moot. On claimant's appeal, we now affirm.

"As a general rule, when an employee is injured in the course of his [or her] employment, his [or her] sole remedy against [the] employer lies in his [or her] entitlement to a recovery under the Workers' Compensation Law" (*Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 156 [1980]; *see* Workers' Compensation Law § 11). Accordingly, we must determine whether the Authority should be deemed decedent's employer for workers' compensation purposes. "It is established that '[a] parent corporation may be deemed to be an employer of an employee of a subsidiary corporation for [w]orkers' [c]ompensation purposes if the subsidiary functions as the alter ego of the parent' " (*Constantine v Premier Cab Corp.*, 295 AD2d 303, 303 [2002], quoting *Dennihy v Episcopal Health Servs.*, 283 AD2d 542, 543 [2001]; *see Shine v Duncan Petroleum Transp.*, 60 NY2d 22, 27 [1983]; *Smith v Roman Catholic Diocese of Syracuse*, 252 AD2d 805, 806 [1998]). Here, as it is both undisputed and statutorily established that the Corporation is a wholly owned subsidiary of the Authority (*see* Public Authorities Law § 382 [1]), we must decide whether the Corporation is also an alter ego of the Authority.

Although the standard for finding an alter ego relationship is high, requiring "direct intervention by the parent in the management of the subsidiary to such an extent that 'the subsidiary's paraphernalia of incorporation, directors and officers' are completely ignored" (*Billy v Consolidated Mach. Tool Corp.*, 51 NY2d at 163, quoting *Lowendahl v Baltimore & Ohio R.R. Co.*, 247 App Div 144, 155 [1936], *affd* 272 NY 360 [1936]), here we find that the Corporation is but an arm of the Authority, justifying a finding that the Corporation is the Authority's alter ego. Indeed, the statutory framework establishing the existence of both entities demonstrates, as a matter of law, that the Corporation was formed for the sole purpose of carrying out the Authority's duty to maintain the State's canal system on behalf of the people of New York State (*see* Canal Law §§ 5, 6 [1]; Public Authorities Law § 382 [1]). Specifically, when the Legislature transferred management and control of the canal system—on behalf of the State—to the Authority, it specifically stated that the Authority would exercise its control "through the [C]orporation" (Canal Law § 6 [1]). The Corporation's board members "shall be the same persons holding the offices of members of the [A]uthority" (Public Authorities Law § 382 [3]) and "[n]o officer or member of the . . . [C]orporation shall receive any additional compensation" for serving as a member of the Corporation in addition to the Authority (Public Authorities Law § 382 [4]). In addition to the sharing of management between the two entities, the Corporation provides funding to the Authority and

the Authority is the only entity that can raise revenue for the Corporation (*see* Public Authorities Law § 382 [2], [10]).

We conclude that this evidence of shared purpose, intermingling of finances and unity of management is sufficient, on this record, to uphold the Court of Claims' finding that, for the purposes of canal operations, the Authority is indistinguishable from the Corporation and, as a result, is entitled to assert the exclusivity provisions of the Workers' Compensation Law (*see Smith v Roman Catholic Diocese of Syracuse*, 252 AD2d at 807; *Pappas v Greek Archdiocese of N. & S. Am.*, 178 AD2d 104, 105 [1991]; *Carusone v Three Ctrs. [OLROHO] Assoc.*, 124 AD2d 317, 318 [1986]; *cf. Longshore v Davis Sys. of Capital Dist.*, 304 AD2d 964, 965 [2003] [entities formed for different purposes and neither a subsidiary of the other]; *Wernig v Parents & Bros. Two*, 195 AD2d 944, 945 [1993] [same]; *but cf. Buckmann v State of New York*, 64 AD3d 1137, 1139 [4th Dept 2009] [finding insufficient evidence to determine, as a matter of law, that Corporation is not an alter ego of the Authority]).

We are mindful that the language of Public Authorities Law § 382 (5), on its face, seems to dictate a contrary result. That statute states that "[t]he employees of the . . . [C]orporation . . . generally shall not be deemed to be employees of the [A]uthority by reason of their employment by the . . . [C]orporation." However, the language is not absolute as it states only that Corporation employees "generally" shall not be deemed employees of the Authority. Further, "[w]hen confronting an issue of statutory interpretation, [the Court's] primary objective is to 'ascertain and give effect to the intention of the Legislature' " (*Matter of Emigrant Bancorp, Inc. v Commissioner of Taxation & Fin.*, 59 AD3d 30, 33 [2008], quoting *Riley v County of Broome*, 95 NY2d 455, 463 [2000]). Here, legislative history exists suggesting that the language was intended to differentiate Corporation employees from other Authority employees simply to protect the seniority rights and privileges of Department of Transportation employees who were transferred to the Corporation when jurisdiction of the canal system was transferred to the Authority (*see* NY Assembly Debate on Assembly Bill 12138-A, July 28, 1992, at 41-42). Finding no evidence in the statute's legislative history to the contrary and since case law confirmed that Corporation employees are treated as Authority employees in other contexts (*see e.g. Matter of Lamphron v State of N.Y. Thruway Auth.*, 239 AD2d 860, 861 [1997] [suit for unpaid vacation time]; *Matter of Weir v State of N.Y. Thruway Auth.*, 231 AD2d 836, 837 [1996] [petition for wrongful termination]), we hold that the language of Public

Authorities Law § 382 (5) does not operate to preclude the Authority from asserting the exclusivity defense of the Workers' Compensation Law. Accordingly, the claims against the Authority were properly dismissed.

With respect to his claims against the State, claimant asserts that he should have been permitted to amend the complaint to include claims under Labor Law § 240 (1) and § 241 (6).[1] The decision to grant leave to amend pleadings "rests within the sound discretion of the trial court and, absent a clear abuse of discretion, will not be lightly cast aside" (*Pagan v Quinn*, 51 AD3d 1299, 1300 [2008]). We discern no abuse of discretion here, as the proposed Labor Law §§ 240 and 241 claims lack merit (*see Nelson v State of New York*, 67 AD3d 1142, 1143 [2009]).

Claimant asserts first that, at the time of his fall, decedent was engaged in "altering" the dam as opposed to "routine maintenance," thereby triggering the protection afforded by Labor Law § 240 (1) (*Pakenham v Westmere Realty, LLC*, 58 AD3d 986, 987 [2009]). Here, debris routinely became caught in the movable dam parts necessitating its removal each time the dam sections were lifted or lowered and, thus, decedent's actions at the time of his fall can only be characterized as the type of routine maintenance that will not trigger Labor Law § 240 (1) (*see Kirk v Outokumpu Am. Brass, Inc.*, 33 AD3d 1136, 1138 [2006]; *Jones v Village of Dannemora*, 27 AD3d 844, 846 [2006]; *Barbarito v County of Tompkins*, 22 AD3d 937, 938 [2005]; *Detraglia v Blue Circle Cement Co.*, 7 AD3d 872, 873 [2004]).

Claimant's contention that decedent was altering the dam because opening the pans changes the structure from a dam to a bridge is unavailing. The Court of Appeals has held that "altering," as intended under Labor Law § 240 (1), "requires making a *significant* physical change to the configuration or composition of [a] building or structure" (*Joblon v Solow*, 91 NY2d 457, 465 [1998]; *see Hodges v Boland's Excavating & Topsoil, Inc.*, 24 AD3d 1089, 1091 [2005], *lv denied* 6 NY3d 710 [2006]; *cf. Cox v International Paper Co.*, 234 AD2d 757, 758-759 [1996]). In contrast to situations where a change is made to permanently alter the physical structure involved (*see e.g. Smith v Innovative Dynamics, Inc.*, 24 AD3d 1000, 1001 [2005] [installation of solar-powered infrared camera system]; *Tassone v Mid-Valley Oil Co.*, 291 AD2d 623, 624 [2002], *lv denied* 100 NY2d 502 [2003] [mounting a satellite dish on the roof of a building]),

---

1. Claimant has not addressed, and thus abandoned, any argument that his common-law negligence and Labor Law § 200 claims were improperly dismissed.

implementing a change to a structure that is inherent to the structure itself—such as moving the movable parts of the dam—cannot be deemed an "alteration" under Labor Law § 240 (1) (*see e.g. Hodges v Boland's Excavating & Topsoil, Inc.*, 24 AD3d at 1091; *see also Smith v CSX Transp., Inc.*, 30 AD3d 1003, 1004-1005 [2006]).

Likewise, claimant failed to state a cause of action under Labor Law § 241 (6). That statute is inapplicable outside of the specific contexts of construction, excavation or demolition work (*see Esposito v New York City Indus. Dev. Agency*, 1 NY3d 526, 528 [2003]). Claimant's characterization of the work performed at Lock 9 in order to lift and pull down the dams in the winter and spring as "construction" is unpersuasive (*see Alexander v Hart*, 64 AD3d 940, 944 [2009]; *Pakenham v Westmere Realty, LLC*, 58 AD3d 986, 988 [2009]; *Kirk v Outokumpu Am. Brass, Inc.*, 33 AD3d 1136, 1138 [2006]; 12 NYCRR 23-1.4 [b] [13]).[2] Accordingly, the Court of Claims properly found that claimant's proposed claims under Labor Law § 240 (1) and § 241 (6) lack merit.

In light of this conclusion, we need not address the State's proposed alternative ground of affirmance, namely that it is also entitled to assert the defense of workers' compensation. Finally, we reject claimant's alternative argument that the granting of the State's summary judgment motion was premature (*see* CPLR 3212 [f]). Claimant "has failed to identify any evidence that might . . . [be] developed if additional discovery . . . [is] conducted that would . . . serve[ ] to bar [the Court of Claims] order granting [the State's] motion" (*DeLorenzo v St. Clare's Hosp. of Schenectady, N.Y.*, 69 AD3d 1177, 1180 [2010]).

Mercure, J.P., Lahtinen, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, without costs.

 ---

2. Further, claimant failed to plead the violation of a specific rule or regulation promulgated by the Commissioner of Labor to support his Labor Law § 241 (6) claim (*see Desharnais v Jefferson Concrete Co., Inc.*, 35 AD3d 1059, 1061 [2006]).