■ PREMDAT COONJBEHARRY, Appellant, v ALTONE ELECTRIC, LLC, et al., Respondents. [942 NYS2d 681]—

Spain, J. Appeal from a judgment of the Supreme Court (Kramer, J.), entered May 9, 2011 in Schenectady County, which granted defendants' motions for summary judgment dismissing the complaint.

Plaintiff was seriously injured when, in the course of his employment at a rubber recycling facility operated by defendant New York Rubber Recycling, LLC, a wholly-owed subsidiary of defendant Permalife Products, LLC at Rotterdam Industrial

---

Park, he attempted to clear a rubber jam in an auger and caught his arm in the machine, resulting in the amputation of his lower right arm. Thereafter, plaintiff—designating Permalife as his employer—received benefits under the Workers' Compensation Law, and then commenced this action for damages against Permalife, New York Rubber and defendant Altone Electric, LLC alleging negligence, strict products liability and failure to warn. Permalife and New York Rubber successfully moved for summary judgment on the ground that plaintiff's claim was barred against his employers by the exclusive remedy provisions of the Workers' Compensation Law (*see* Workers' Compensation Law § 11). Altone also moved for and was granted summary judgment on the grounds that it did not owe plaintiff a duty of care and, in any event, could not be held liable because it did not work on the machine that caused plaintiff's injury. On plaintiff's appeal, we now affirm.

" 'As a general rule, when an employee is injured in the course of his [or her] employment, his [or her] sole remedy against [the] employer lies in his [or her] entitlement to a recovery under the Workers' Compensation Law' " (*Len v State of New York*, 74 AD3d 1597, 1599 [2010], *lv dismissed and denied* 15 NY3d 912 [2010], quoting *Billy v Consolidated Mach. Tool Corp.*, 51 NY2d 152, 155 [1980]; *see* Workers' Compensation Law § 11). Thus, Permalife is shielded from liability because plaintiff applied for and accepted workers' compensation benefits, naming Permalife as his employer. The decision of the Workers' Compensation Board establishing Permalife as plaintiff's employer is final and binding, and may not be collaterally attacked by plaintiff in this action (*see Feltt v Owens*, 247 AD2d 689, 690-691 [1998]; *Bonacci v Treffiletti Supermarkets*, 205 AD2d 907, 908 [1994]). Further, in certain situations, i.e., where a parent and subsidiary corporation function as alter egos for one another, more than one entity may be considered a plaintiff's employer for purposes of workers' compensation (*see Len v State of New York*, 74 AD3d at 1599; *Constantine v Premier Cab Corp.*, 295 AD2d 303, 303 [2002]). Here, we find, as a matter of law, that plaintiff was also an employee of New York Rubber.

It is undisputed that New York Rubber is a wholly-owned subsidiary of Permalife formed to extend Permalife's tire recycling business into the Capital District. The entities share coverage under an insurance policy and Permalife prepares and files tax returns for both entities. Although New York Rubber set plaintiff's wages and was responsible for the hiring and firing of employees at the Rotterdam facility, Permalife paid the

healthcare benefits and wages for all employees working at the Rotterdam plant through a centralized payroll service, for which it was later reimbursed by New York Rubber. Plaintiff worked under the supervision and direction of both New York Rubber and Permalife employees. He was given an employee handbook issued by Permalife and enforced by New York Rubber. This evidence demonstrates the entities' "shared purpose, intermingling of finances and unity of management" and is sufficient to establish as a matter of law that New York Rubber was an alter ego of Permalife (*Len v State of New York*, 74 AD3d at 1600; *see Carusone v Three Ctrs. [OLROHO] Assoc.*, 124 AD2d 317, 317 [1986]).

We also reject plaintiff's argument that New York Rubber can nevertheless be held liable to him because of its "independent assumption, by contract or operation of law, of the obligations and liabilities" of alleged third-party tortfeasor, Recovery Technologies Group, Inc. (hereinafter RTG) (*Billy v Consolidated Mach. Tool Corp.*, 51 NY2d at 156; *see Holmberg v Attractions Land*, 230 AD2d 362, 364 [1997]).* Although RTG was a predecessor in interest to New York Rubber, RTG dissolved before the Rotterdam plant was opened and prior to the time the machinery involved in plaintiff's injuries was installed or operational. Further, there is no evidence that RTG played a role in designing or manufacturing the machinery involved in plaintiff's accident (*compare Billy v Consolidated Mach. Tool Corp.*, 51 NY2d at 157, 162). Accordingly, as plaintiff has failed to allege any facts that would support an assumption of liability arising out of some wrongdoing by RTG independent of plaintiff's employment by New York Rubber, we find no basis to apply an exception to the exclusivity provisions of the Workers' Compensation Law (*see Molinari v Kar-San Dev.*, 117 AD2d 194 [1986], *affd on opinion below* 69 NY2d 910 [1987]).

Supreme Court also correctly granted summary judgment to Altone. Altone owed no independent duty to plaintiff, a stranger to its contract with New York Rubber and Permalife, and thus can only be found liable if, by failing to exercise reasonable care when performing the contract, Altone " 'create[d] an unreasonable risk of harm to [plaintiff], or increase[d] that risk' " (*Kennedy v Atlas Fence, Inc.*, 90 AD3d 1122, 1123 [2011], quoting *Church v Callanan Indus.*, 99 NY2d 104, 111 [2002]). Contrary to plaintiff's assertions that questions of fact exist as to whether Altone was responsible for wiring the machine involved in plaintiff's accident, the record clearly indicates that plaintiff

---

* Plaintiff's complaint named RTG as well as Distribution Unlimited, Inc., but plaintiff subsequently discontinued this action as against these entities.

was injured when he put his hand in a jammed auger connected to a Forsberg air table that was not wired or installed by Altone. Indeed, a former employee of Altone gave uncontradicted testimony that the air table was installed and the auger connected to it only after he had left Altone's employ and began to do all of New York Rubber's wiring work. Accordingly, any alleged negligence on the part of Altone in performing electrical work at the Rotterdam plant could not have caused plaintiff's injuries.

Mercure, J.P., Lahtinen, Stein and McCarthy, JJ., concur. Ordered that the judgment is affirmed, with one bill of costs.