State of New York
Supreme Court, Appellate Division
Third Judicial Department

Decided and Entered:  December 29, 2016                    522955
_____

VANESSA PRINGLE et al., as
    Administrators of the Estate
    of JOHN LEE DEAN, Deceased,
                    Appellants,
         v                                    MEMORANDUM AND ORDER

AC BODYWORKS & SONS, LLC,
                    Respondent,
                    et al.,
                    Defendants.
_____


Calendar Date:  November 15, 2016

Before:  Garry, J.P., Egan Jr., Devine, Clark and Mulvey, JJ.


_____


        Rodman & Campbell, PC, New York City (Hugh W. Campbell of
counsel), for appellants.

        Stockton, Barker & Mead, LLP, Troy (Robert S. Stockton of
counsel), for respondent.


_____


Mulvey, J.

        Appeal from an order of the Supreme Court (Melkonian, J.),
entered January 26, 2016 in Albany County, which granted a motion
by defendant AC Bodyworks & Sons, LLC for summary judgment
dismissing the complaint against it.

        On March 10, 2014, John Lee Dean (hereinafter decedent) was
fatally crushed by an unmanned, flatbed truck that unexpectedly
moved forward, pinning him against a wall.  At the time, decedent
was working on the truck as an auto detailer in the employ of AC
Bodyworks & Sons, Inc.  The truck was owned by defendant AC

Bodyworks & Sons, LLC (hereinafter defendant).  In September 2014, the administrators of decedent's estate applied for workers' compensation benefits and received an award for his work-related death.  Thereafter, they commenced this action against, among others, defendant to recover damages for his wrongful death.  Defendant answered, and thereafter moved for summary judgment asserting that the claim is barred by the exclusivity provision of Workers' Compensation Law § 11.  Supreme Court granted the motion, holding that this exclusivity provision extended to defendant and rejecting plaintiffs' contention that the motion was premature.  Plaintiffs appeal, and we reverse.

"As a general rule, when an employee is injured in the course of his [or her] employment, his [or her] sole remedy against [the] employer lies in his [or her] entitlement to a recovery under the Workers' Compensation Law" (Coonjbeharry v Altone Elec., LLC, 94 AD3d 1306, 1307 [2012] [internal quotation marks and citations omitted]).  Here, although documents establish that AC Bodyworks & Sons, Inc. was decedent's employer on the date of the accident, defendant contends that it is also shielded from this action because it is a dissolved, predecessor entity that transferred "all ownership and operation of the business, including ownership of all business vehicles" to its successor, AC Bodyworks & Sons, Inc.

Plaintiffs served a notice for discovery and inspection on October 14, 2015.  The notice sought decedent's employment records and the organizational and operational documents related to the formation and dissolution of defendant.  The notice was ignored and defendant's motion was filed October 30, 2015.

Submissions in support of defendant's motion described decedent as an employee of defendant, but were silent as to the relationship between defendant and AC Bodyworks & Sons, Inc.  The affirmation of defendant's counsel was limited to the argument that plaintiffs' claims were barred by Workers' Compensation Law § 11.  An affidavit by a claims specialist for an insurance firm included an assertion that the workers' compensation death benefits were paid under a policy issued to defendant, yet annexed a copy of the decision issued by the Workers' Compensation Board that identified the employer as "AC Bodyworks

& Sons, Inc."  In response, plaintiffs furnished a certified abstract of the truck's title and registration listing the owner and registrant as defendant, together with a copy of the workers' compensation reports identifying AC Bodyworks & Sons, Inc. as decedent's employer, thus, highlighting the distinct entities.

In a reply affidavit, Brian Caprara, a former member of defendant and the president of AC Bodyworks & Sons, Inc., furnished copies of documents purportedly showing the dissolution of  defendant in September 2012, and the incorporation of AC Bodyworks & Sons, Inc. later that month.  Although Caprara asserted, without any documentary support, that all business vehicles were transferred to the corporation at that time, he conceded that the registration of the subject vehicle had not been transferred from defendant due to an administrative error. Caprara also asserted that "there were not two separate businesses operating" on the date of the incident.

We find that defendant's motion should have been denied as premature.  "[A] summary judgment motion is properly denied as premature when the nonmoving party has not been given reasonable time and opportunity to conduct disclosure relative to pertinent evidence that is within the exclusive knowledge of the movant or a codefendant" (Metichecchia v Palmeri, 23 AD3d 894, 895 [2005]). Although we have held that, "in certain situations, . . . more than one entity may be considered a plaintiff's employer for purposes of workers' compensation" (Coonjbeharry v Altone Elec., LLC, 94 AD3d at 1307; see Len v State of New York, 74 AD3d 1597, 1599  [2010], lv dismissed and denied 15 NY3d 912 [2010]), defendant's submissions fall far short of establishing that premise as a matter of law.  A determination as to whether two entities are alter egos of each other requires a far more detailed record than is present here (see e.g. Longshore v Davis Sys. of Capital Dist., 304 AD2d 964, 965 [2003]).  Notably, defendant proffered no documentary proof of any transfer of assets between the two entities, while plaintiffs have furnished admissible proof in the form of certified records from the Department of Motor Vehicles indicating that defendant obtained title to the truck on November 28, 2012 (10 weeks after dissolution), put new license plates on it in January 2014 (16 months after dissolution), and held title and registration on the

date of the accident.  It is therefore not mere surmise that questions of fact exist as to whether the title and registration reflect administrative errors or, as suggested by plaintiffs, the continued operation of defendant as of the date of the accident. The relevance of decedent's employment records and documents substantiating the relationship between the two entities and the transfer of assets from defendant to AC Bodyworks & Sons, Inc., together with the need for deposition testimony, is readily apparent.

Garry, J.P., Egan Jr., Devine and Clark, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, and motion denied.

ENTER:

Robert D. Mayberger
Clerk of the Court