Lal v Nassau County (2020 NY Slip Op 51497(U))

[*1]

Lal v Nassau County

2020 NY Slip Op 51497(U) [70 Misc 3d 127(A)]

Decided on December 10, 2020

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on December 10, 2020
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 9th and 10th JUDICIAL DISTRICTS
PRESENT: : THOMAS A. ADAMS, P.J., TERRY JANE RUDERMAN, ELIZABETH H.
EMERSON, JJ

2019-1817 N C

Jaikrishen K. Lal, Appellant,
against
Nassau County, Respondent. 

Jaikrishen K. Lal, appellant pro se.
Nassau County Attorney (Jared A. Kasschau, Robert F. Wan Der Waag, Jackie L. Gross of
counsel), for respondent.

Appeal from an order of the District Court of Nassau County, First District (Paul L. Meli, J.),
entered October 15, 2019. The order granted defendant's motion to dismiss the action.

ORDERED that the order is affirmed, without costs.
Plaintiff, an adjunct professor at Nassau Community College (NCC), commenced this small
claims breach of contract action in May 2019 to recover $4,662.03, representing unpaid wages
for teaching a course at NCC in the fall of 2015, 2016 and 2017. Defendant Nassau County
moved to dismiss the action pursuant to CPLR 3211 (a) (1) and (7), arguing, among other things,
that plaintiff, a party to a Collective Bargaining Agreement between Nassau County, NCC and
the Adjunct Faculty Association of NCC, had failed to exhaust his administrative remedies as
outlined in the Collective Bargaining Agreement. The collective bargaining agreement defines a
grievance as "any complaint or dispute between parties hereto and agents of the parties or any
faculty member or group of faculty members based on any event or condition affecting their
terms and conditions of employment as they relate to the meaning, interpretation or application
of this Agreement." In opposition, plaintiff argued that, in early 2018, he discovered the
discrepancy between the hours he was paid and the hours he worked. He claimed that he is
entitled to the money because although the contract states he was contracted to teach for only 3
[*2]hours, the class length is listed as 3 hours and 50 minutes.
The District Court granted defendant's motion, stating, among other things, that plaintiff failed to
exhaust his administrative remedies after discovering the discrepancy in the contract. On appeal,
plaintiff argues that defendant failed to adequately pay him because he taught a class for four
hours and was only paid for three contract hours.
Here, plaintiff, a party to the Collective Bargaining Agreement, failed to attempt to file a
grievance regarding his complaint with his employment contract until October of 2018, which
was well beyond the time period permitted under the agreement. By failing to pursue the
Collective Bargaining Agreement's grievance procedure to address his issue with the terms of his
employment contract, and in the absence of any valid exception to the application of that
agreement, plaintiff failed to exhaust his administrative remedies, which warranted the dismissal
of the action (see Watergate II Apts. v Buffalo Sewer Auth., 46 NY2d 52, 57 [1978];
Matter of New York State Correctional Officers & Police Benevolent Assn. v State of New
York, 301 AD2d 845 [2003]).
Accordingly, the order is affirmed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: December 10, 2020