Pierce v Archer Daniels Midland, Co. (2023 NY Slip Op 06179)

Pierce v Archer Daniels Midland, Co.

2023 NY Slip Op 06179

Decided on November 30, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:November 30, 2023

535529
[*1]Debra D. Pierce, Individually and as Administrator of the Estate of Kenneth Pierce Sr., Deceased, Appellant,
v
Archer Daniels Midland, Co., et al., Respondents, et al., Defendants.

Calendar Date:October 10, 2023

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Napierski, VanDenburgh, Napierski & O'Connor, LLP, Albany (Thomas J. O'Connor of counsel), for appellant.
Tanenbaum Keale LLP, Newark, New Jersey (Timothy R. Freeman of counsel), for respondents.

Reynolds Fitzgerald, J.
Appeal from an order of the Supreme Court (Henry F. Zwack, J.), entered May 5, 2022 in Columbia County, which granted a motion by defendants Archer Daniels Midland, Co. and ADM Milling, Co. to dismiss, among other things, the complaint.
In January 2020, decedent was fatally injured in a grain elevator during the course of his employment at an industrial milling facility located in the Village of Greenport, Suffolk County. Plaintiff, who was decedent's wife, commenced this action, individually and in her capacity as the administrator of decedent's estate, alleging negligence, violation of the Labor Law, strict products liability, breach of warranty, wrongful death and loss of consortium against, among others, defendant Archer Daniels Midland, Co. (hereinafter ADM) and its subsidiary, defendant ADM Milling, Co. (hereinafter collectively referred to as defendants). In lieu of answering, defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the complaint and all cross-claims asserted against them arguing that the claims were barred under the exclusivity provisions of Workers' Compensation Law §§ 10, 11 and 29 (6). Supreme Court granted the motion and dismissed the complaint and cross-claims against defendants, with prejudice. Plaintiff appeals.
"When considering a motion pursuant to CPLR 3211 (a) (7) to dismiss a complaint for failing to state a cause of action, courts must afford the complaint a liberal construction, accept the facts as alleged in the pleading as true, confer on the plaintiff the benefit of every possible inference and determine whether the facts as alleged fit within any cognizable legal theory" (Graves v Stanclift, Ludemann, McMorris & Silvestri, P.C., 174 AD3d 1086, 1087 [3d Dept 2019] [internal quotation marks, brackets and citations omitted]; see Singe v Bates Troy, Inc., 206 AD3d 1528, 1530 [3d Dept 2022]). "Although this is a liberal standard, it will not save allegations that consist of bare legal conclusions or factual claims that are flatly contradicted by documentary evidence or are inherently incredible" (Johnson v Bruen, 187 AD3d 1294, 1294 [3d Dept 2020] [internal quotation marks and citations omitted]; see McQuade v Aponte-Loss, 195 AD3d 1219, 1220 [3d Dept 2021]). "The question to be resolved on such a motion is not whether the plaintiff can ultimately establish his or her allegations and is likely to prevail, but whether, if believed, his or her complaint sets forth facts that constitute a viable cause of action" (F.F. v State of New York, 194 AD3d 80, 83 [3d Dept 2021] [internal quotation marks, brackets and citations omitted], appeal dismissed & lv denied 37 NY3d 1040 [2021], cert denied __ US __,142 S Ct 2738 [2022]; accord Brown v University of Rochester, 216 AD3d 1328, 1330-1331 [3d Dept 2023]).
Workers' Compensation Law § 11 provides that "[t]he liability of an employer prescribed by [section 10] shall be exclusive and in place of any other liability whatsoever, to such employee, his or her personal representatives[*2], spouse . . . or any person otherwise entitled to recover damages, contribution or indemnity, at common law or otherwise, on account of such injury or death." In the complaint, plaintiff alleges that decedent was employed by either ADM Milling, ADM, or both. Accordingly, in opposing the motion to dismiss, plaintiff argued that the question of which entity actually employed decedent was unresolved and that discovery was necessary to definitively establish same. Supreme Court, in its order granting dismissal with respect to ADM Milling, founded its ruling on a W-2 issued to decedent which listed ADM Milling as the employer. Plaintiff argues that this is an error as it submitted a paystub issued to decedent which listed ADM as his employer. However, we need not base our determination on the conflicting documentary evidence submitted by the parties. Rather, at oral argument it was established that plaintiff applied for workers' compensation death benefits naming ADM Milling as decedent's employer and is receiving said benefits. Because plaintiff applied for and accepted these benefits, ADM Milling is shielded from liability, as we take judicial notice of the Workers' Compensation Board decision establishing ADM Milling as decedent's employer and said decision "is final and binding, and may not be collaterally attacked by plaintiff in this action" (Coonjbeharry v Altone Elec., LLC, 94 AD3d 1306, 1307 [3d Dept 2012]; see Feltt v Owens, 247 AD2d 689, 690-691 [3d Dept 1998]; Bonacci v Treffiletti Supermarkets, 205 AD2d 907, 908 [3d Dept 1994]). Thus, we agree with Supreme Court that plaintiff's claims against ADM Milling are barred (see Coonjbeharry v Altone Elec., LLC, 94 AD3d at 1307; Beaucejour v General Linen Supply & Laundry Co., Inc., 39 AD3d 444, 445 [2d Dept 2007]). Furthermore, under the doctrine of judicial estoppel, where a party assumes a certain position in a legal proceeding and succeeds in maintaining that position, it may not, thereafter, simply because its interests have changed, assume a contrary position (see Walker v GlaxoSmithKline, LLC, 201 AD3d 1272, 1275 [3d Dept 2022]; Cuprys v Volpicelli, 170 AD3d 1477, 1479 [3d Dept 2019]).
Supreme Court erred, however, in dismissing future cross-claims against ADM Milling because "[w]here a grave injury results, a primary defendant may commence a third-party action against the [decedent's] employer for common-law indemnification and/or contribution" (Fleming v Graham, 10 NY3d 296, 299 [2008] [internal quotation marks omitted]; see Barclay v Techno-Design, Inc., 125 AD3d 1168, 1169 [3d Dept 2015]).[FN1]
Supreme Court also erred in dismissing the complaint and cross-claims against ADM, as it was premature to do so. While generally a parent corporation's liability cannot be based solely upon its ownership of a subsidiary, here plaintiff has alleged that each of the corporations were responsible for the site of the accident, its personnel, the activities and instrumentalities involved in the accident[*3], including the grain elevator and its components and parts. A fact-laden claim such as this, as to which corporation and/or to what extent each corporation had control of the accident site, its personnel and the instrumentality involved in the accident, is unsuited for resolution on a pre-answer, pre-discovery motion to dismiss, especially here, where the defendants are in exclusive possession of such information (see Cortlandt St. Recovery Corp. v Bonderman, 31 NY3d 30, 47 [2018]; New York Mun. Power Agency v Town of Massena, 197 AD3d 83, 88 [3d Dept 2021]). Whether plaintiff will ultimately succeed in proving her allegations is not part of the calculus in determining a motion to dismiss (see EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]; Sim v Farley Equip. Co. LLC, 138 AD3d 1228, 1229 [3d Dept 2016]).
Garry, P.J., Pritzker, Ceresia and Mackey, JJ., concur.
ORDERED that the order is modified, on the law, without costs, by reversing so much thereof as dismissed the complaint and cross-claims against defendant Archer Daniels Midland, Co. and the cross-claims against defendant ADM Milling, Co.; motion denied to that extent; and, as so modified, affirmed.

Footnotes

Footnote 1: Several third-party claims have been asserted against ADM Milling.